### TURNER v. ALTON BANKING & TRUST CO.

#### No. 14078.

United States Court of Appeals
Eighth Circuit.

Jan. 17, 1951.

---

Chase Morsey and Lon Hocker, St. Louis, Mo., for appellant.

B. Sherman Landau and Louis E. Miller, St. Louis, Mo., for appellee.

Before SANBORN, WOODROUGH and THOMAS, Circuit Judges.

PER CURIAM.

In the above entitled case an action was commenced in a federal district court of Missouri upon a judgment entered in the Circuit Court of Madison County, Illinois, a court of general jurisdiction. From a judgment for the plaintiff the defendant appealed to this court. It was contended both in the district court and in this court on appeal that the Illinois court did not have jurisdiction and had denied the defendant due process of law. The district court overruled her contentions. We affirmed and a petition for rehearing was denied. Turner v. Alton Banking & Trust Co. et al., 8 Cir., 181 F.2d 899, certiorari denied, 340 U.S. 833, 71 S.Ct. 66, rehearing denied, 340 U.S. 885, 71 S.Ct. 194.

Having found that the Illinois court had jurisdiction of the cause of action and had not denied the defendant due process, we observed that the judgment of the Illinois court was final and conclusive and that it could not be attacked collaterally in the federal court in Missouri; that under the Full Faith and Credit clause of the Constitution, Art. IV, § 1, a judgment rendered by a court having jurisdiction is conclusive of the rights of the parties in every other court, citing Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149; Davis v. Davis, 305 U.S. 32, 40, 59 S.Ct. 3, 83 L.Ed. 26; 28 U.S.C.A. § 687 [now § 1738]; Restatement of the Law of Judgments, § 18(a); and that the place to have assailed the Illinois judgment was in the Illinois court, citing Treines v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85; Morris v. Jones, 329 U.S. 545, 67 S.Ct. 451, 91 L.Ed. 488.

The appellant has now filed in this court a Motion to "Recall Mandate, Revoke Order Overruling Petition for Rehearing and for Such Other Relief as to the Court May Seem Meet and Proper."

As grounds for the relief sought appellant avers that she verily believes that her signature on the note and warrant of attorney upon which the Illinois judgment was entered were forged, and that the Illinois court did not, therefore, acquire jurisdiction and the judgment is void. Her contention is that the judgment was procured by fraud consisting of forgery. She does not charge that the plaintiff forged the note or that it knew that the note was forged.

To sustain her contention that this court may recall its mandate, vacate the order overruling her petition for rehearing and either direct the district court to take evidence on the question of forgery or appoint a commissioner to hear the evidence and report back to this court, and that this court may then reverse the judgment of the district court, the appellant relies upon the decisions of the Supreme Court in Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250, and Universal Oil Products Co. v.

Root Refining Company, 328 U.S. 575, 66 S.Ct. 1176, 90 L.Ed. 1447.

It is true that under certain circumstances "federal courts have power to investigate whether a judgment was obtained by fraud and make whatever modification is necessary, at any time", United States v. Smith, 331 U.S. 469, footnote 4, 67 S.Ct. 1330, 1334, 91 L.Ed. 1610, but the exercise of such power must not be in violation of the Fourth Amendment to the Constitution. The cases relied upon by appellant were patent cases, and it is pointed out that the public interest was involved because the fraud perpetrated not only affected the administration of justice in a federal court but the patent office as well. That is not the situation in the instant case. The fraud alleged here was entirely within the jurisdiction of the Illinois court, and it affects, if true, only that court and the parties to its judgment. The power of a federal appellate court to act on its mandate after the term expires survives to protect against the abuse of the court's own processes under the decision of the Hazel-Atlas case, supra, but it has never been held to survive for the convenience of litigants. Fairmont Creamery Co. v. State of Minnesota, 275 U.S. 70, 48 S.Ct. 97, 72 L.Ed. 168. In Cromwell v. County of Sac., 94 U.S. 351, 352, 24 L.Ed. 195, it was expressly held that " * * * a judgment rendered upon a promissory note is conclusive as to the validity of the instrument and the amount due upon it, although it be subsequently alleged that perfect defenses actually existed, of which no proof was offered, such as forgery, want of consideration, or payment."

It is obvious that the appellant is in no position to seek relief against the judgment which this court has affirmed unless and until she has secured the vacation of the Illinois judgment by the court which entered it. See and compare Indemnity Ins. Co. v. Smoot, 80 U.S.App. D.C. 287, 152 F.2d 667, 670, certiorari denied, 328 U.S. 835, 66 S.Ct. 981, 90 L.Ed. 1611.

Motion denied.