PER CURIAM.
On May 14, 1963, our decision affirming the judgment of the trial court in favor of defendant W. E. Waggonner, Sheriff and Ex-Officio Tax Collector, became final (151 So.2d 575) after the application of plaintiff Humble Pipe Line Company to the Supreme Court of Louisiana for a writ of certiorari to review that decision was refused (244 La. 463, 152 So.2d 561). Plaintiff Humble Pipe Line Company then made application to the Supreme Court of the United States for a writ of certiorari to review our decision and judgment, which was granted October 21, 1963. On March 23, 1964, the Supreme Court of the United States reversed our judgment and the mandate of that Court was received by us on May 18, 1964.
In obedience to said mandate, the judgment of the Twenty-Sixth Judicial District Court of Louisiana in and for the Parish of Bossier is hereby reversed and judgment rendered in favor of plaintiff Humble Pipe Line Company and against defendant W. E. Waggonner, Sheriff and Ex-Officio Tax Collector, as prayed for in plaintiff’s petition in the sum of One Thousand Three Hundred Fifteen and 35/100 ($1,315.35) Dollars with interest thereon at the rate of two per cent (2%) per annum from December 29, 1953, until paid.
It is further ordered that Humble Pipe Line Company recover from defendant W. E. Waggonner, Sheriff and Ex-Offi-cio Tax Collector the sum of Four Hundred Eighty-Five and 56/100 ($485.56) Dollars for costs expended in the application to the Supreme Court of the United States as taxed by that Court.
Before this court, the defendant has asserted his official exemption from the payment of court costs as provided by LSA-R.S. 13:4521. This exemption may be asserted as to costs accruing in proceedings in the courts of this state, but the attribute of sovereignty does not immunize the state against the taxing of costs accruing in the courts of the United States. Fairmont Creamery Company v. Minnesota, 275 U.S. 70, 48 S.Ct. 97, 72 L.Ed. 168.
Reversed and rendered.