**UNITED STATES of America**

v.

**Joseph Walton CRAWFORD, Registrar of Voters of Red River Parish, Louisiana and the State of Louisiana.**

**UNITED STATES of America**

v.

**Winnice J. P. CLEMENT, Registrar of Voters of Webster Parish, Louisiana, and the State of Louisiana.**

Civ. A. Nos. 9335, 9334.

United States District Court
W. D. Louisiana,
Shreveport Division.

Dec. 3, 1964.

———◆———

Robert F. Kennedy, Atty. Gen. of the United States, Burke Marshal, Asst. Atty. Gen., John Doar, Frank M. Dunbaugh, and Louis M. Kauder, Attys., U. S. Dept. of Justice, Washington, D. C., Edward L. Shaheen, U. S. Atty., Shreveport, La., for the Government.

Jack P. F. Gremillion, Atty. Gen. of Louisiana, Harry J. Kron, Jr., Asst. Atty. Gen., Baton Rouge, La., Ferdinand A. Cashio, Sp. Asst. to the Atty. Gen., Shreveport, La., George T. Anderson, Dist. Atty., Red River Parish, Coushatta, La., for defendants in No. 9335.

Jack P. F. Gremillion, Atty. Gen. of Louisiana, Harry J. Kron, Jr., Asst. Atty. Gen., Baton Rouge, La., Louis H. Padgett, Dist. Atty. for the Twenty-Sixth Judicial Dist. of Louisiana, Bossier City, La., for defendants in No. 9334.

BEN C. DAWKINS, Jr., Chief Judge.

After judgments were rendered in its favor in these two cases (D.C., 229 F. Supp. 898 and D.C., 231 F.Supp. 913), the Government filed motions under F. R.Civ.P. 59(e) to amend the judgments with respect to the taxing of costs. The two cases are consolidated for decision on these motions.

In suits against the Registrars of Voters for Webster and Red River Parishes and the State of Louisiana, brought by the Government under the provisions of 42 U.S.C. § 1971 et seq., this Court enjoined discriminatory acts and practices of the Registrars in the process of registering voters. In each instance costs were taxed against the Registrars in their official capacities. The Government now seeks to have such costs taxed against Louisiana.

Plaintiff alleges that it cannot recover its costs from defendants in their official capacities, because the Registrars do not have an available fund from which to pay such expenses. It contends that the State is the logical source from which the costs should be recovered, that it is better able to pay, and that the State is the real party in interest. We do. not agree.

A federal court has the power to tax costs against states which are parties to litigation before the court in the same way it can tax costs against any other litigant. Fairmont Creamery Co. v. Minnesota, 275 U.S. 70, 48 S.Ct. 97, 72 L.Ed. 168 (1927); Utah v. United States, 304 F.2d 23 (10 Cir. 1962). Under Rule 54(d) trial courts have a wide discretion in the taxation and apportionment of costs. Jones v. Schellenberger, 225 F.2d 784 (7 Cir. 1955); United States v. Bowden, 182 F.2d 251 (10 Cir. 1950); Shima v. Brown, 78 U.S.App.D.C. 268, 140 F.2d 337 (1943); 6 Moore, Federal Practice ¶ 54.70[5] at 1308; 3 Barron & Holtzoff, Federal Practice and Procedure § 1195. In the absence of a showing of an abuse of this discretion, it will not be interfered with on appeal. Pursche v. Atlas Scraper & Engineering Co., 300 F.2d 467 (9 Cir. 1962); Euler v. Waller, 295 F.2d 765 (10 Cir. 1961); T. & M. Transp. Co. v. Shattuck Chemical Co., 158 F.2d 909 (10 Cir. 1947); Fidelity & Deposit Co. of Maryland v. City of Cleburne, 296 F. 643 (5 Cir. 1924).

In both of these cases the Court found that the Registrars had engaged in discriminatory acts and practices which deprived Negro citizens of the right to vote secured by the Fifteenth Amendment. Under 42 U.S.C. § 1971 a suit may be brought against the "person" who commits such acts and practices. While the State properly may be joined as a party defendant, in each instance it was not the act of the State itself which was enjoined, but that of the Registrar who had used his official capacity to deny or interfere with constitutionally guaranteed rights. Thus, the real party in interest—the real offender —is not the State, but the Registrar in his official capacity.

Moreover, La.Const. (1921) Art. 3, § 35, LSA, provides that "[n]o judgment against the state or any other public body shall be exigible, payable or paid except out of funds appropriated [by the Legislature] for payment thereof." It is not shown that there is any authority, statutory or constitutional, which appropriates such a fund for payment of expenses of litigation. In the absence of such authority and in the interest of comity between these two sovereigns, we deem it best not to tax the costs of this litigation against the State of Louisiana.

In what we believe to be a sound exercise of the broad discretion vested in trial courts to tax costs, we hold that

the proper parties against whom the costs should be taxed are the Registrars in their official capacities, as we already have ordered.

For these reasons the motions of plaintiff to amend the judgments are denied.