The AMERICAN NATIONAL RED CROSS, Plaintiff,

v.

DEPARTMENT OF EMPLOYMENT, and Bernard E. Teets, Executive Director of Employment of the Department of Employment, Defendants.

Civ. A. No. 8233.

United States District Court
D. Colorado.

Sept. 8, 1965.

582

William Massar, Dept. of Justice, Washington, D. C., John L. Currin, Gen. Counsellor's Office, American National Red Cross, Washington, D. C., and Jack D. Henderson, Denver, Colo., for plaintiff.

James D. McKevitt, Asst. Atty. Gen., Denver, Colo., for defendants.

Before SETH, Circuit Judge, and ARRAJ and CHILSON, District Judges.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

PER CURIAM.

This matter came on for trial to this District Court of three judges on June 30, 1965. The Court heard the evidence and argument of counsel and is now duly advised.

This is an action by the United States and The American National Red Cross, hereinafter referred to as "Red Cross", against the Department of Employment of the State of Colorado and its Executive Director, hereinafter referred to as the "Department".

The action seeks to have the Colorado Employment Security Act, Chapter 82 Colorado Revised Statutes 1953, declared inapplicable to the Red Cross and seeks a refund of all sums collected under the Act from the Red Cross.

Briefly stated the contentions of the parties are as follows.

Plaintiffs contend that Red Cross is an instrumentality of the United States, and as such is immune from taxation by Colorado, and Congress has not waived that immunity.

Defendants contend that the Red Cross is not an instrumentality of the United States and in any event, Congress has, by the 1960 amendments to the Federal Unemployment Tax Act, waived whatever immunity Red Cross had with respect to the application of the Colorado Employment Security Act.

The issues as set forth in the pre-trial order are as follows:

1. Whether Red Cross and its chapters are instrumentality or instrumentalities or agency or agencies of the United States.

2. Whether Congress by the 1960 amendments to the Federal Unemployment Tax Act has waived Red Cross' constitutional immunity from the application of the Colorado Employment Security Act.

3. Whether the chapters in Colorado of The American National Red Cross are each juridical entities separate and apart from each other and from plaintiff, The American National Red Cross.

4. Whether plaintiff is precluded from obtaining relief in this Court because it has not brought suit in the District Court for the City and County of Denver as

provided for in Section 82–9–9 of the Act.

5. Whether Red Cross is entitled to interest on any refunds which may be granted by this Court.

There is little dispute as to the facts. The pre-trial order contains the following statement of uncontroverted facts:

1. Plaintiff The American National Red Cross (hereinafter sometimes referred to as "Red Cross") is organized and exists by virtue of an act of the Congress of the United States of America (Title 36 U.S.C. Sec. 1 et seq.) which provides that it is a body corporate and politic in the District of Columbia. Red Cross does not have its principal place of business in the State of Colorado.

2. The United States of America is a corporate sovereign and body politic.

3. Defendant Department of Employment (hereinafter sometimes referred to as "Department") is an agency of the State of Colorado, charged with the function of administering the Employment Security Act of the State of Colorado (Colorado Revised Statutes 1953, as amended, Chapter 82) hereinafter referred to as the "Act".

4. Defendant Bernard E. Teets is the Executive Director of Employment and as such is head of the Department.

5. The Department determined that employment in Colorado was subject to the Act and demanded that payment by Red Cross and certain of its chapters be made of the contributions and interest provided for by the Act.

6. Thereafter and prior to the commencement of this action, payments aggregating more than $10,000 were made involuntarily and under protest to defendants. Part of said payments was forwarded from the office of The American National Red Cross in Washington, D. C. and parts were forwarded from the offices of various Red Cross chapters located in Colorado. The parts forwarded by any one such office did not aggregate $10,000.

7. Each of said payments was accompanied by an application for refund, each of which was denied by defendants prior to the commencement of this action.

8. The American National Red Cross is a charitable organization described in 26 U.S.C. Section 501(c) (3) and exempt from United States Income Tax under Title 26 U.S.C. Section 501(a).

9. Defendants claim that if Red Cross does not make payments which they claim continue to become due under the Act, Red Cross will be subject to the penalties, interest charges and remedies for collection of contributions, interest and penalties provided for by the Act.

10. Colorado Law does not provide for interest with respect to refunded contributions under the Act.

In addition, it was admitted by the defendants at the trial that the local chapters of the Red Cross have no legal entity apart from the plaintiff, The American National Red Cross.

The Court incorporates in its findings of fact the foregoing uncontroverted facts and admission, and in addition thereto finds the following facts.

The Red Cross' charter designates it as the organization authorized to act in matters of relief under the Treaties of Geneva and to perform all duties devolved upon a national society by each nation which has acceded to any of said treaties or conventions.

In addition, it is authorized to act in matters of voluntary relief and as a medium of communication between the people of the United States and their armed forces.

By the provisions of Title 10 United States Code, § 2602, the President may accept the cooperation and assistance of the Red Cross and employ it under the armed forces under regulations to be prescribed by the Secretary of Defense, and pursuant to this statute the President has so utilized the Red Cross.

The Red Cross is the authorized agency for communication with prisoners of war held by unfriendly governments.

In addition to these services performed for and on behalf of the United States Government, the Red Cross is also authorized to and does carry on a system of national and international relief in time of peace and apply the same in mitigating the sufferings caused by pestilence, fire, famine, floods, and other great national calamities, and devise and carry on measures for preventing the same.

### CONCLUSIONS OF LAW

The Court concludes it has jurisdiction of the subject matter of this action and of the parties thereto.

The Court concludes that the local chapters of The American National Red Cross are not separate legal entities but are integral parts of the plaintiff The American National Red Cross.

■ The Court concludes that The American National Red Cross is an instrumentality of the United States, and as such is immune from taxation under the Colorado Employment Security Act, unless that immunity has been waived by the 1960 amendments to the Federal Unemployment Tax Act.

■ The Court concludes that the United States of America has a legal interest in this litigation and is a proper party plaintiff to this action.

■ The Court concludes that the 1960 amendments to the Federal Unemployment Tax Act do not waive the immunity of the Red Cross from taxation under the Colorado Employment Security Act.

The reasons for the Court's conclusions in the latter respect are as follows:

The Federal Unemployment Tax Act (Chapter 23 of Title 26 U.S.C.) imposes a federal tax upon employment to provide a fund for unemployment compensation. However, the act recognizes the right of the states to provide and administer a fund for the same purpose under state law, and the contributions made by employers to the state fund are by the federal act made a credit against the federal tax (see §§ 3301 and 3302).

Although instrumentalities of the United States have a constitutional immunity from state taxation, § 3305(b) of the Federal Unemployment Tax Act waived that immunity as to some instrumentalities of the United States. Prior to the 1960 amendments to the Federal Unemployment Tax Act, § 3305(b) read in its essential parts as follows:

"The legislature of any State may require any instrumentality of the United States (except such as are (1) wholly owned by the United States, or (2) exempt from the tax imposed by section 3301 by virtue of any other provision of law) * * *, to make contributions to an unemployment fund under a State unemployment compensation law * * *."

The Red Cross came within the provisions of the second exemption, being an instrumentality of the United States which was exempt from the tax imposed by § 3301 by virtue of § 3306(c) (8), which exempted from the taxes imposed by § 3301 service performed in the employ of a corporation organized and operated for charitable purposes.

However, by the 1960 amendments to the Federal Unemployment Tax Act, § 3305(b) was amended to read in its essential parts as follows:

"The legislature of any State may require any instrumentality of the United States (other than an instrumentality to which section 3306(c) (6) applies) * * * to make contributions to an unemployment fund under a State unemployment compensation law * * *".

In other words, the Congress did not waive the immunity from state taxes of instrumentalities of the United States to which § 3306(c) (6) applies.

§ 3306(c) (6), as amended by the 1960 amendments, "applies" to an instrumentality of the United States which is

"exempt from the tax imposed by section 3301 by virtue of any provision of law which *specifically refers to such section* * * *". (Emphasis added).

Subdivision (8) of § 3306(c), as amended by the 1960 amendments, is a "provision of law" which exempts from the tax imposed by § 3301

"service performed in the employ of a religious, charitable, educational, or other organization described in section 501(c) (3) which is exempt from income tax under section 501(a)".

Admittedly The American National Red Cross is such an exempt organization. There remains then only the question of whether or not subdivision (8) of § 3306 (c) as amended in 1960 "specifically refers to" § 3301.

§ 3301 imposes a tax on employment. § 3306(c) (8) provides that the employment described in subdivision (8) is not employment for the purposes of the Federal Unemployment Tax Act. This is only another way of saying that the employment described in § 3306(c) (8) is exempt from the taxes imposed by § 3301.

The Court concludes that § 3306(c) (8) "specifically refers to" § 3301 and that the Red Cross is exempt not only from the taxes under the Federal Unemployment Tax Act but also is immune from taxation under the Colorado Employment Security Act.

That it was the intent of the Congress that the 1960 amendments should not subject the Red Cross to either State or Federal unemployment taxes is evident from the following quotation from the legislative history found at page 12797 of Volume 106, No. 115 of the Congressional Record of Proceedings and Debates of the 86th Congress, Second Session, held on June 22, 1960, wherein Congressman Ikard, in clarification of the purposes of the 1960 amendments here under consideration, stated:

"The American National Red Cross has for many purposes been regarded as an instrumentality of the Federal Government. However, its exemption from Federal unemployment taxes is presently based on that provision of the statute which specifically exempts service performed in the employ of certain charitable corporations from such taxes. H.R. 12580 continues the exemption from unemployment taxes for such charitable corporations; hence the bill is not intended to remove the Red Cross' current exemption. Similarly, it is not the intention of the bill to remove the present exemption of Red Cross employment from State unemployment taxation."

The Court concludes that the Red Cross is not precluded from obtaining relief in this court because it has not brought suit in the District Court for the City and County of Denver as provided in § 82–9–9, Colorado Revised Statutes 1953.

The Court concludes that the Red Cross is entitled to judgment against the defendants for the amounts which it and its various chapters have paid to the State of Colorado under the Colorado Employment Security Act, but the Red Cross is not entitled to recover any interest thereon.

It is ordered that this matter is continued for 10 days from this date for a filing of a stipulation of the parties as to the amount for which judgment should be entered. Upon the filing of the stipulation, the Clerk of the Court shall forthwith enter judgment in favor of The American National Red Cross and against the defendants in the amount stipulated.