**UNITED STATES et al., Plaintiffs,**

v.

**STATE OF WASHINGTON et al.,
Defendants.**

**Civ. No. 9213.**

United States District Court,
W. D. Washington,

Sept. 16, 1974.

John H. Sennhauser, Legal Services Center, Seattle, Wash., for intervenor plaintiffs Muckleshoot, Squaxin Island, Skokomish, Lower Elwha, Snoqualmie and Duwamish Tribes.

David H. Getches and Douglas R. Nash, Native American Rights Fund, Boulder, Colo., for intervenor Muckleshoot, Squaxin Island, Skokomish, Stillaguamish, Sauk-Suiattle & Nisqually Tribes.

Alvin J. Ziontz, Ziontz, Pirtle, Morisset & Ernstoff, Seattle, Wash., for intervenor plaintiffs Makah, Lummi & Quileute Tribes.

Michael Taylor, Taholah, Wash., for intervenor plaintiff Quinault Tribal office.

William A. Stiles, Jr., Sedro-Woolley, Wash., for intervenor plaintiff Upper Skagit Tribe.

Lester Stritmatter, Hoquiam, Wash., for intervenor plaintiff Hoh Tribe.

James B. Hovis, Hovis, Cockrill & Roy, Yakima, Wash., for intervenor plaintiff Yakima Tribe.

Slade Gorton, Atty. Gen., James M. Johnson, Asst. Atty. Gen., Olympia, Wash., for defendants.

BOLDT, District Judge.

This court previously rendered its Final Decision # I on the merits of an action for declaratory judgment concerning treaty fishing rights brought by the United States and several Indian Tribes against the State of Washington and certain of its officers and departments. This court has retained continuing jurisdiction to assure implementation of its orders and rulings recognizing the existence of certain Indian treaty fishing rights.

All tribal plaintiffs that participated in pretrial and trial of this case have filed motions for awards of attorneys' fees and other expenses connected with said pretrial and trial, and some have sought awards relative to expenditures during the continuing jurisdiction phase as well. In addition to opposing these motions of plaintiffs, the defendants filed a motion to strike plaintiffs' motions as untimely filed under Local Rules and the Federal Rules of Civil Procedure. Application for awards of attorneys fees are not covered by Rule 54(d); to the extent plaintiffs' motions do apply for expenses and costs, the court finds that said motions were filed consistent with the directions of the court, and that the interests of justice require that plaintiffs' motions be and hereby are held to have been timely filed. For these reasons, defendants' motion to strike is denied.

Plaintiffs' motions for attorneys' fees and other expenses present three principal questions:

1. Does this court have jurisdiction to award attorneys' fees and expenses?

2. If such jurisdiction exists, in this court's discretion should such awards be made? and

3. If awards of attorneys' fees and expenses are appropriate, what amounts should be awarded to each applicant?

The court having previously determined to defer ruling as to the amounts of attorneys' fees and expenses that might be awarded, no argument as to that question was presented at the hearing on August 21, 1974.

The tribal plaintiffs have correctly stated the general rule that the equity power of federal district courts to fashion full and appropriate relief includes the power to award attorneys' fees and other expenses when the interests of justice so require. Hall v. Cole, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973). Such awards are generally based on one of three theories:

1. The behavior of defendant was unreasonably and obdurately obstinate; Bradley v. School Board of City of Richmond, 53 F.R.D. 28 (E.D.Va.1971);

2. The private attorney general doctrine, whereby plaintiffs have enforced a national policy benefiting a broad class of persons; Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968); or

3. The common fund doctrine where a judgment for plaintiffs benefits additional persons. Sprague v. Ticonic Nat'l. Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939); and Mills v. Electric Auto-Lite Co., 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970).

While the tribal plaintiffs have pointed out many examples of alleged bad faith or obduracy on the part of the

state defendants, they do not rely upon that theory of recovery. Instead, tribal plaintiffs rely most heavily upon the private attorney general concept, recently recognized in this Circuit in Brandenburger v. Thompson, 494 F.2d 885 (9th Cir. 1974). This court is convinced that the national policy of recognition and enforcement of federal treaty rights has been significantly and substantially advanced and served by the litigation efforts of these tribal plaintiffs. The further public policy favoring Indian self-determination, recently recognized in McClanahan v. Arizona State Tax Comm'n., 411 U.S. 164, 93 S.Ct. 1257, 36 L.Ed.2d 129 (1973) has likewise been vindicated by the actions of these tribal plaintiffs. Therefore, if jurisdiction exists to award attorneys' fees and expenses against the state defendants herein, this court finds that a sufficient showing has been made to justify said awards to some or all plaintiff tribes, in varying amounts consistent with the quality and extent of service rendered by their counsel.

■ The threshold issue, of course, is whether this court possesses jurisdiction to award these plaintiffs attorneys' fees and other expenses against these defendants. In the opinion of this court, the jurisdictional question presented is controlled by the Eleventh Amendment to the United States Constitution which provides as follows:

"The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State."

Case law has held that an unconsenting state is also immune from suits brought in federal court by its own citizens. Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). The State of Washington is named as defendant in this action. Individual defendants Tollefson and Crouse are sued solely in

their official capacities as Directors of the defendant State Departments of Fisheries and Game, respectively. There is no question but that any award against the Directors or Departments would be paid out of State funds, and the motions against them should be considered as against the State as well. Ford Motor Co. v. Dept. of Treasury of Indiana, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945). The various motions of the tribal plaintiffs do not clearly establish whether these motions are intended to be against defendant Washington Reef Net Owners Association. However, to the extent that this court may have jurisdiction to award attorneys' fees and expenses against the Reef Net Owners, this court in its discretion declines to make such award, for the reason that this defendant intervened in this action solely with regard to the single issue of reef net locations vis-a-vis the Lummi Indian Tribe and the interests of justice would not be served by awards against this small private organization.

■ Several recent Circuit Court decisions have dealt with awards of attorneys' fees by federal district courts, and have addressed themselves to the Eleventh Amendment sovereign immunity question in varying degrees. An award of attorneys' fees was allowed recently in this circuit in *Brandenburger*, supra, relying on the private attorney general concept, wherein the Ninth Circuit Court of Appeals disposed of the sovereign immunity question in one sentence, 494 F.2d at p. 888:

"And an award of attorneys' fees assessed against a state official acting in his or her official capacity is not proscribed by the Eleventh Amendment. Sims v. Amos, supra, 340 F. Supp. [691] at 694, n. 8."

In the Fifth Circuit, two cases, Gates v. Collier, 489 F.2d 298 (5th Cir. 1973) and Fairley v. Patterson, 493 F.2d 598 (5th Cir. 1974), both basing their awards on the obdurate behavior of de-

fendants, allowed awards of attorneys fees against state officials, both cases relying on Sims v. Amos, 340 F.Supp. 691 (M.D.Ala.1972). On the other hand, the Sixth Circuit in Jordon v. Gilligan, rehearing 500 F.2d 701 (6th Cir. 1974), although finding an award otherwise justified under the private attorney general concept, found the reasoning of *Sims* not controlling, elected not to follow the Fifth Circuit in *Gates*, and held "we find no reasonable basis for concluding that the Eleventh Amendment does not bar awards of attorneys' fees against the sovereign states." *Jordan*, supra, 500 F.2d at p. 708. Also, the Third Circuit in Skehan v. Board of Trustees, (3rd Cir., May 3, 1974, an unpublished opinion discussed at 43 L.W. 1025, 2058, 8–13–74) likewise held that the Eleventh Amendment prohibits an award of attorneys' fees against the state, relying upon the rationale of Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), a case dealing not with attorneys' fees but retroactive welfare payments, which the Supreme Court found barred by the Eleventh Amendment. *Skehan* also disapproved the rationale of *Sims*.

Sims v. Amos, supra, was a reapportionment case before a 3-judge court in Alabama. The district court opinion was reported in two parts, at 336 F. Supp. 924 dealing with substantive reapportionment issues, and at 340 F.Supp. 691 involving claims for attorneys' fees. A reading of the opinion does not clearly establish whether the defendant state officers were sued in their official capacity, but in any event, the court ordered reapportionment and awarded attorneys' fees, relying not on defendants' bad faith, which the court specifically found to exist, but on broader considerations of equity. The district court discussed the sovereign immunity question only in a footnote at 340 F.Supp. 694, Note 8, as follows:

"Individuals who as officers of a state, are clothed with some duty with regard to a law of the state which contravenes the Constitution of the United States, may be restrained by injunction, and in such a case the state has no power to impart to its officers any immunity *from such injunction* or from its consequences, *including the court costs* incident thereto. Ex parte Young, 209 U.S. 123, 160, 28 S.Ct. 441, 52 L.Ed. 714 (1908); cases collected in U.S.C.A. Note 121 to Amendment 11 of the Constitution of the United States; Williams v. Eaton, 443 F.2d 422, 428 (10th Cir. 1971)." (emphasis added).

Citation to Williams v. Eaton would be appropriate in support of the concept that a suit for injunctive relief against state officials to prevent them from enforcing an unconstitutional state law is not prohibited by the Eleventh Amendment; however, with regard to claims for monetary relief against state officials, *Williams* expressly held at page 429 that "when the action in essence is for recovery of money from the State the immunity is available even though individual officials are nominal defendants. See Ford Motor Co. v. Dept. of Treasury of Indiana, supra, 323 U.S. at 464, 65 S.Ct. 347 . . . ." Similarly, the reliance of the district court in *Sims* on Ex parte Young is likewise misplaced, for in the latter case the Supreme Court stated at 209 U.S. p. 160, 28 S.Ct. at p. 454 that a state official seeking to enforce a state law violative of the federal Constitution

"is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The state has no power to impart to him any immunity from responsibility *to the supreme authority of the United States.*" (emphasis added).

Ex parte Young expressed no views whatsoever concerning the non-existence of sovereign immunity in a suit for damages or attorneys' fees by a citizen

against a state officer. See, *Edelman*, supra, 415 U.S. 651, 94 S.Ct. 1347, 39 L. Ed.2d 662.

Although the district court opinions in *Sims* were summarily affirmed without opinion by the United States Supreme Court, Amos v. Sims, 409 U.S. 942, 93 S.Ct. 290, 34 L.Ed.2d 215 (1972), this court agrees with the Sixth Circuit Court's opinion upon rehearing in Jordon v. Gilligan, 500 F.2d 701 that such affirmance "has very little precedential significance" and "is not controlling precedent on the Eleventh Amendment question presented here."

In the opinion of this court, Sims v. Amos and cases relying thereon do not represent the better reasoned view with regard to awards of attorneys' fees against state defendants. In addition, tribal plaintiffs' citation of Fairmont Creamery v. Minnesota, 275 U.S. 70, 48 S.Ct. 97, 72 L.Ed. 168 (1927) in support of their claim for costs is not persuasive; that decision dealt only with taxation of costs incurred before the Supreme Court. The purpose of the doctrine of sovereign immunity is to protect the states' fiscal integrity. Land v. Dollar, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); *Edelman*, supra. An award of attorneys' fees and other expenses against the state defendants would clearly violate the fiscal integrity of the State of Washington, guaranteed to it by the Eleventh Amendment to the United States Constitution. *Jordon*, supra. Therefore, this court hereby finds and holds that, by virtue of the Eleventh Amendment's sovereign immunity, it is without jurisdiction to award attorneys' fees and other expenses against the state defendants herein.

For the reasons set forth above, the motions of tribal plaintiffs for awards of attorneys' fees and other expenses are hereby denied. This order is hereby declared to be final, and it is the intention of this court that this order be appealable, pursuant to 28 U.S.C.A. § 1291, the determination herein having been made on jurisdictional grounds.

It is so ordered this 16th day of September, 1974.