**Robert D. MURGIA, Plaintiff,**

v.

**COMMONWEALTH OF MASSACHUSETTS BOARD OF RETIREMENT et al., Defendants.**

**Civ. A. No. 72–2083–T.**

United States District Court, D. Massachusetts.

Dec. 12, 1974.

See also, D.C., 345 F.Supp. 1140.

William F. Looney, Jr., Moulton, Looney, Mazzone, Falk & Markham, Boston, Mass., for plaintiff.

Terence P. O'Malley, Robert H. Quinn, Atty. Gen. for Mass., Walter H. Mayo III, Asst. Atty. Gen., Boston, Mass., for defendants.

Before ALDRICH, Senior Circuit Judge, and TAURO and FREEDMAN, District Judges.

## OPINION

ALDRICH, Senior Judge.

We are now concerned with the measure of relief to be afforded as a result of our decision in Murgia v. Commonwealth of Massachusetts Board of Retirement, D.Mass., 1974, 376 F. Supp. 753, holding unconstitutional Mass. G.L. c. 32, § 26(3), which required the involuntary discharge of plaintiff Murgia from the State Police force, although he was physically qualified, simply because he had reached age 50. The first question is whether all issues now presented are properly subject to resolution by three judges, or whether some are for the single judge alone. The parties have sought the former course, and since all three judges are in agreement on the merits, we see no basis for

complaint here whether our decision to sit jointly is legally correct or not.[1]

■ A few comments are in order with respect to what we are not including in our judgment. Plaintiff asks that we require that his reappointment be to the position of Deputy Superintendent, a position recently created by the Massachusetts legislature, possibly on account of our earlier decision. We decline to do so. Plaintiff was retired with the rank of Lt. Colonel, and it is to this position that he should be restored. The fact that there was only one officer with a higher rank at the time of his dismissal does not guarantee that if he had not been dismissed he would have been entitled to the new superior position. In any event, we do not propose to organize the State Police. If, by some seemingly remote possibility plaintiff hereafter is able to show, in connection with his reinstatement, discrimination amounting to a failure fully to comply with our judgment, that would be another matter.

■ Next, plaintiff asks us to include an order for back pay, which he describes as "restitution of compensation withheld." The parties, inter sese, have made various calculations and adjustments, and have stipulated to the amount, but defendants, citing the Eleventh Amendment, and Edelman v. Jordan, 1974, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662, contest our right to make any award.

In *Edelman* the Court affirmed a judgment declaring unconstitutional certain state practices barring plaintiffs from receiving welfare benefits, but reversed a money judgment awarding retroactive benefits of which plaintiffs had been deprived. The Court held that although such payment was denominated equitable restitution and in substance might be so considered, this did not serve to avoid the Eleventh Amendment's strictures. Plaintiff's attempted distinctions are not persuasive. First, plaintiff says that his discharge was after the institution of the action, so that there would be no retroactive effect on the state treasury because the state was on notice when it failed to keep the money. This argument proves too much. If defendants retained plaintiff in his position they would have violated the statute, as yet not held unconstitutional. If they discharged him they could not retain the funds, because they had to hire a replacement.

■ Next, plaintiff argues that since the amount of the payment here is not substantial, perhaps defendants will, or should pay it in their individual capacities. They support this contention with the claim that defendants' action was not "simple good faith application of the provisions of the statute" because they knew of the pendency of the action. Our previous answer applies here, if anything more strongly. *Cf.* Class v. Norton, 2 Cir., 1974, 505 F.2d 123. The balance of plaintiff's argument,

1. We recognize, of course, that jurisdiction cannot be conferred by consent or waiver. Americans United for Separation of Church and State v. Paire, 1 Cir., 1973, 475 F.2d 462, 464. Given our unanimity, however, the question of three judges does not affect the outcome, and will come into focus only in case of an appeal, viz., whether it should lie wholly to the Supreme Court, or to the Court of Appeals as well on the issue of relief here considered. See Socialist Workers Party v. Rockefeller, S.D.N.Y., 1970, 314 F.Supp. 984, 996–997, aff'd, 400 U.S. 806, 91 S.Ct. 65, 27 L.Ed.2d 38, appeal dismissed, Anderson v. Rockefeller, 400 U.S. 962, 91 S.Ct. 378, 27 L.Ed.2d 382; Swift & Co. v. Wickham, S.D. N.Y., 1964, 230 F.Supp. 398, aff'd, 2 Cir., 364 F.2d 241, cert. denied, 385 U.S. 1036,

87 S.Ct. 776, 17 L.Ed.2d 683. The question of relief at issue seems sufficiently bound up with the equitable remedy sought by plaintiff to be appropriate for consideration by three judges. See Baltimore & Ohio R.R. Co. v. United States, 1929, 279 U.S. 781, 785, 49 S.Ct. 492, 73 L.Ed. 954; Department of Employment v. United States, 385 U.S. 355, 357, 87 S.Ct. 464, 17 L.Ed.2d 414, aff'g American National Red Cross v. Department of Employment, D.C., 263 F.Supp. 581. At the least, the decision to retain three-judge jurisdiction may be within our discretion, see Jenkins v. McKeithen, E.D.La., 1968, 286 F.Supp. 537, 542, rev'd on other grounds, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404, and, if so, we exercise that discretion in favor of retention.

dealing with what he terms equitable restitution, is irrelevant to the Eleventh Amendment.

Next, plaintiff asks for costs, to include counsel fees. Although *Edelman* did not consider the question, we think it offers guidance. *Edelman* reaffirms the longstanding proposition that the major objective of the Eleventh Amendment is to protect state treasuries against judicial levy. 415 U.S. at 662–665, 94 S.Ct. 1347. *See* Jordan v. Gilligan, 6 Cir., 1974, 500 F.2d 701, 706; The Supreme Court, 1973 Term, 1974, 88 Harv. L.Rev. 13, 246–47. In this light we find unpersuasive attempts to permit monetary assessments, as against Eleventh Amendment claims, simply because they may be characterized as remedial or administrative rather than compensatory. *See* Gates v. Collier, 5 Cir., 1973, 489 F.2d 298, 302. In either case the treasury is taxed. *Cf. Gilligan*, ante, 500 F.2d at 708. Indeed, *Edelman* itself exploded such distinctions, assuming arguendo that the restitution there sought might be termed "equitable," 415 U.S. at 665, 669, 94 S.Ct. 1347, while barring such relief for its fiscal interference. *Id.* at 668–669, 94 S.Ct. 1347. *See also* Ford Motor Co. v. Department of Treasury, 1945, 323 U.S. 459, 462–464, 65 S.Ct. 347, 89 L.Ed. 389.

It may well be that Fairmont Creamery Co. v. Minnesota, 1927, 275 U.S. 70, 74, 48 S.Ct. 97, 72 L.Ed. 168, imposing ordinary court costs against a state as one of the "incidents of the hearing . . . which attach to the regular jurisdiction" of the federal court, 275 U.S. at 77, 48 S.Ct. at 100, survives the proscription of *Edelman*. *See* Boston Chapter, N. A. A. C. P., Inc. v. Beecher, 1 Cir., 1974, 504 F.2d 1017. However, we regard the imposi-

tion of attorneys fees to be in a different category. Absent statutory or contractual authorization, such awards are made for a variety of reasons. *See* Natural Resources Defense Council, Inc. v. Environmental Protection Agency, 1 Cir., 1973, 484 F.2d 1331, 1332–1334. They punish bad faith or frivolous postures. *Id.* at 1333; *Beecher*, 504 F.2d at 1029; *Class*, 505 F.2d at 127. They spread the cost of litigation among classes benefiting from the judgment. Hall v. Cole, 1973, 412 U.S. 1, 5–7, 93 S.Ct. 1943, 36 L.Ed.2d 702; Mills v. Electric Auto-Lite Co., 1970, 396 U.S. 375, 392–395, 90 S.Ct. 616, 24 L.Ed.2d 593. They reward, and hence encourage, litigants who secure decisions of public as well as private interest. Newman v. Piggie Park Enterprises, Inc., 1968, 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (per curiam); National Resources Defense Council, Inc., ante, 484 F.2d at 1333. Each of these objectives reflects independent policy considerations unrelated to the enforcement of injunctions, and in no sense can be termed "integral" to such relief.

The area possibly closest to integral costs[*] is where a party has had special burdens in respect to the conduct of the litigation itself. In the present case plaintiff's course has not been made more onerous by any harassment or bad faith. Nor was he in the position of representing a class, either in fact, or in the background.[2] We deny plaintiff's request for an award of counsel fees both as a matter of law, and as a matter of discretion.

■ As to regular court costs, we adopt, without further consideration, the view of the Court of Appeals for this Circuit in *Beecher*, ante, and hold that defendants are chargeable.

---

2. Only one additional individual, and a latecomer at that, has sought representation as a party plaintiff. So far as a class is concerned, the State Police Association of Massachusetts, as amicus, has sought to disassociate itself from plaintiff's position.