**Robert REUTTER, Petitioner,**

v.

**Herman SOLEM, et al., Respondents.**

**Civ. No. 87–4098.**

United States District Court,
D. South Dakota, S.D.

May 10, 1990.

## MEMORANDUM OPINION AND ORDER

JOHN B. JONES, District Judge.

Petitioner Robert Reutter was convicted in state court of two counts of aiding and abetting the distribution of cocaine and one count of conspiracy to distribute cocaine, and the conviction was affirmed on appeal. *State v. Reutter*, 374 N.W.2d 617 (S.D. 1985). The conviction was vacated in the federal habeas action. *Reutter v. Solem*, 888 F.2d 578 (8th Cir.1989).

Petitioner sought to have costs taxed in the amount of $8,964.08. The Clerk of Courts taxed costs of $904.00, and petitioner made a Motion to review Taxation and Costs pursuant to Federal Rules of Civil Procedure 54(d).

The costs in dispute are:

| | |
|---|---|
| Transcript fees for state court trial | $5,647.68 |

| | |
|---|---|
| Transcript fees for state habeas hearing | 321.00 |
| Briefs in state direct appeal | 600.00 |
| Briefs in state habeas appeal | 325.00 |
| Defense witness fees in state court trial | 1,166.40 |
| **Total** | **$8,060.08** |

The costs of printing briefs is listed on the summary of costs at $1,025.00, but the itemized printing costs attached came to $925.00, so the actual amount sought was $8,964.08 rather than $9,064.08 shown on the bill of costs.

All of the disputed costs were incurred in the state criminal prosecution and subsequent state habeas action.

## ISSUE

May a state court prisoner who has his conviction set aside in federal court habeas proceedings recover as taxable costs in the federal habeas proceedings the costs incurred (a) in defending himself in the state criminal proceedings and (b) in the state habeas corpus proceeding?

There is no rule dealing explicitly with costs in a Federal habeas corpus action, therefore, the general rules of Civil Procedure apply. Rule 11 of the Rules Governing Habeas Corpus Cases under § 2254. Costs are generally awarded to the prevailing party. Rule 54(d) F.R.C.P.

■ In the case at bar, Mr. Reutter claims that all expenses associated with his state court criminal trial, appeal, state habeas action and its appeal are awardable as costs because they were necessary for exhaustion of state remedies. This position ignores the fact that those transcripts were not initially prepared for this habeas corpus petition. The costs were incurred in an attempt to either avoid conviction or get his conviction overturned in state court. Had he been successful at any stage, this action would not have been filed. Therefore, the transcripts of his state court actions in attempting to get his conviction overturned, and of course the cost of his defense in the criminal trial, were not "necessarily obtained for use in [this] case", as required for awarding of costs under 28 U.S.C. § 1920.

Some of Mr. Reutter's argument seems to imply that his Federal habeas corpus petition is some sort of continuation of his state criminal trial. Federal habeas corpus courts are not "... forums in which to relitigate state trials ..." and the role of the habeas corpus court is collateral and limited. *Smith v. Newsome*, 876 F.2d 1461, 1463 (11th Cir.1989) (citing *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391, 77 L.Ed.2d 1090 (1983). Petition for a Federal habeas corpus writ is a separate action, civil in nature, not an appeal from the individual's criminal conviction. Thus, the appellate rules of procedure which Mr. Reutter cites apply only to the costs awarded in the Eighth Circuit appeal and those costs are not at issue.

■ Moreover, as to his request for recovery of witness fees from his underlying criminal trial in state court, "In the absence of a statute providing otherwise, the state is not liable for costs incurred in a criminal prosecution." 20 Am.Jur.2d *Costs* § 108 (citing *Fairmont Creamery Co. v. Minnesota*, 275 U.S. 70, 48 S.Ct. 97, 72 L.Ed. 168 (1927)). South Dakota does not have a statute authorizing the awarding of costs against the state in a criminal case. If Mr. Reutter had been acquitted of the charges in his underlying criminal case, he would not have been able to recover his costs in defending himself. The Court sees no reason to allow him to recover indirectly, through this habeas corpus action, what he could not recover directly.

The request by the petitioner for additional costs is denied, but he will be allowed his costs for the transcript of his Federal habeas corpus hearing, the clerk's fees for this action, the miscellaneous fees awarded, and the costs awarded by the Eighth Circuit Court of Appeals, a total of $904.00.

Now, therefore,

IT IS ORDERED:

(1) That petitioner's request for costs incurred in state courts in the amount of $8,060.08 is denied.

(2) That petitioner is allowed the $904.00 originally awarded by the Clerk of Courts.