**Chester VAUGHN et al.**

v.

**Paul TROTTER et al.**

**No. 77–3482–NA–CV.**

United States District Court,
M. D. Tennessee,
Nashville Division.

Feb. 18, 1981.

Gordon Bonnyman, Legal Services of Middle Tennessee, Inc., Nashville, Tenn., for plaintiffs.

William Leech, Atty. Gen. for the State of Tenn., Nashville, Tenn., for defendants.

## MEMORANDUM

MORTON, Chief Judge.

This is an action to determine the amount of attorney fees in the above-styled case. The defendant Vinson Thompson was determined to be liable for those fees pursuant to 42 U.S.C. § 1988 in a memorandum and order entered on October 16, 1980. A hearing was held on November 26, 1980, to determine the amount of reasonable attorney fees.

At this hearing, defense counsel did not object to the number of hours expended by the plaintiff's attorney and stipulated as to the reasonableness of the hourly rate charged. However, an objection to making the award was tendered on the basis that Congress was then considering a proposed amendment to the Legal Services Corporation Act, 42 U.S.C. § 2996 *et seq.* That amendment would have had the effect of making any attorney's fees awarded to a federally assisted Legal Services program payable directly to the United States treasury. Defense counsel argued that, if the bill were enacted and if it were applicable to the present case, any award of a fee to the plaintiff's counsel would result in a violation of the eleventh amendment of the Constitution. At the time, the bill in question had passed the Senate and was under consideration in the House. Defense counsel requested that any decision in this case be held in abeyance pending the outcome of that legislation. The court acceded to that request.

As previously stated, the Senate bill (S–2337) was passed in June 1980. However, the House failed to enact its own counterpart (H.R. 6386) to the Senate bill prior to final adjournment of the 96th Congress. Therefore, the bill, with the attorney's fee amendment relied upon by defense counsel, died at the close of the 96th Congress also.

Legal Services is authorized and funded through the fiscal year ending September 30, 1981, under House Joint Resolution 644, section 101(*o*). That resolution provides for Legal Services to continue to operate, as it has been, in accordance with the provisions of 42 U.S.C. § 2996 *et seq.* Thereunder, Legal Services has a congressional mandate to seek and obtain attorney's fees whenever possible. Therefore, the court will not continue to linger upon the question or speculate as to whether new amendments will be forthcoming from the 97th Congress and if so, whether there would be a provision as to attorney fees. The foregoing argument on behalf of the defendant has been rendered moot.

■ Moving to the merits of the claim, the defendant argues that the requested fees should be reduced by twenty (20) percent for failure to keep contemporaneous records prior to March 31, 1980. *Heigler v. Gatter,* 463 F.Supp. 802 (E.D.Pa.1978) is cited for that proposition. However, *Heigler* involved a much different factual situation. There, there were *no* contemporaneous records kept, and the attorney was claiming 98.25 hours of non-trial hours. The court independently reviewed the transcript, docket sheet, and the documents filed in that case and was convinced that the hours charged were excessive for the work done. In addition, while the attorney claimed 34.5 trial hours, the transcript revealed that only 31 hours were consumed. The court noted other discrepancies in that attorney's estimate necessitating a reduction. Nothing remotely resembling *Heigler* is present in this case.

Rather, this case is more like that of *Meisel v. Kremens,* 80 F.R.D. 419 (E.D.Pa. 1978) and cases cited therein. *Id.* at 423–24. The court finds that, here, there was a valid

reconstruction of time records by an attorney experienced in matters of this type. A reconstruction may form a valid basis for awarding a statutory attorney's fee, *Id.*, and the court specifically finds such an award, on that basis, to be warranted here.

■ In his "Response to Motion for Attorney's Fees" and his "Citation of Supplemental Authority in Support of Opposition to Motion for Attorneys [*sic*] Fees," the defendant has studiously avoided reference to the benchmark decision on attorney's fees in the Sixth Circuit: *Northcross v. Board of Education*, 611 F.2d 624 (6th Cir. 1979), *cert. denied, Board of Education v. Northcross*, 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980). While a court need not accept an attorney's affidavit at face value, any elimination of hours must be accompanied by a specific identification of those hours and an articulation of the precise reasons for their elimination. *Id.* at 637. The court finds the defendant's arbitrary reduction of twenty percent to be without merit.

■ The defendant further ignores the law of the Sixth Circuit in his proposal to reduce the fee award commensurate with the issues on which the plaintiff did not prevail. The defendant cites a case from the First Circuit and an Alaska state court case (without attaching a copy in violation of the Local Rules of Court). Other circuits are cited in argument. It takes no degree of Pyrrhonism on the part of the court to reject this contention out of hand. As the Sixth Circuit has made abundantly clear, once a plaintiff has prevailed in the law suit as a whole,

> they are entitled to recover attorneys' fees for "all time reasonably spent on a matter." The fact that some of that time was spent in pursuing issues on research which was ultimately unproductive, rejected by the court, or mooted by intervening events is wholly irrelevant. So long as the party has prevailed on the case as a whole the district courts are to allow compensation on unsuccessful re-

search or litigation, unless the positions asserted are frivolous or in bad faith.

611 F.2d at 636.

■ The reason for this conclusion is that Congress intended that lawyers in cases of this type should be compensated as if by traditional fee-paying clients. *Id.* The defendant argues that, because the plaintiff ultimately prevailed against only one of four defendants, his attorney fees should be reduced by seventy-five (75) percent. In view of the unambiguous holding of the Sixth Circuit in *Northcross*, the court is not certain that the defendant's argument is made in good faith; regardless of that, however, the contentions are spurious. The defendant at no point argues that the claims against the three prevailing defendants were either frivolous or in bad faith; he merely states that an award should be reduced for the plaintiff's having failed to carry his burden of proof on the merits. It is the conclusion of the court that the plaintiff's suit against the three defendants in question cannot be fairly characterized as either frivolous or in bad faith. Accordingly, no reduction in attorney's fees is warranted. Parenthetically, it is added that even if a reduction in fees were warranted it would only be in proportion to the relatively small amount of time devoted to the claims against those defendants. It is quite clear that the vast majority of the plaintiff's attorney's time was devoted to defendant Thompson.

■ The defendant submitted a copy of a Seventh Circuit decision, *Mary and Crystal v. Ramsden*, 635 F.2d 590 (7th Cir. 1980), as supplemental authority. There the court reduced the attorney fees in order to bring those fees into a "more reasonable relationship" with the modest amount of damages recovered. The defendant seeks to have the same done in this instance since the fees sought here are more than four times the plaintiff's damages. *Mary and Crystal*, too, flies in the face of *Northcross*. Furthermore, it is deemed that such a result frustrates the clear congressional intent that plaintiffs have the ability to secure legal

counsel for the vindication of precious constitutional rights even though the actual pecuniary value of their preciousness is not great. *See, e. g., Dellums v. Powell*, 566 F.2d 167 (D.C.Cir.1977), *cert. denied, Powell v. Dellums*, 438 U.S. 916, 98 S.Ct. 3146, 3147, 57 L.Ed.2d 1161 (1978). (Loss of constitutional rights in "their most pristine and classic form" did not warrant "extravagant" damages of $7,500.) In keeping with the teachings of *Northcross*, it is the position of this court that attorney's fees are to be determined based upon a reasonable number of hours billed at a reasonable rate. Since neither of those factors is challenged, the court accepts the affidavits of the plaintiff's attorney for both the number of hours and the appropriate fee therefor. These the court finds to be reasonable for the nature and quality of the services rendered. Accordingly, the court awards the following in attorney's fees to the plaintiff's attorney to be paid to Legal Services of Middle Tennessee:

```
(1978)     .8 hours at $50 per hour    $     40.00
(1979)    9.1 hours at $60 per hour          546.00
(1980)  115.9 hours at $70 per hour        8,113.00
(1980)    5.5 hours at $70 per hour          385.00
                                         $ 9,084.00
```

In addition to the $9,084.00 in attorney's fees incurred thus far, "in order to effectuate the purposes of the Civil Rights Attorney's Fees Awards Act, the [plaintiff] should recover [attorney's] fees for the time spent litigating the fees issue itself." *Northcross v. Board of Education*, 611 F.2d 624, 639 (6th Cir. 1979). The court will entertain such a motion here.

The only remaining question is who shall be responsible for the payment of the assessed fees. The defendant devoted three sentences to the proposition that fees should be awarded against the Tennessee Department of Correction in that defendant Thompson was sued in his official capacity. The plaintiff's amended complaint which joined Thompson in the suit did not specify whether he was being sued in his official or individual capacity.

A review of cases has led this court to the conclusion that Thompson should be deemed to have been sued in his official capacity and that the attorney's fee award should be against the Department of Correction. In *Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), the Supreme Court approved of an award of attorney's fees against the State of Arkansas even though neither the state nor its department of corrections were specifically named as a defendant. The court found that a suit against prison officials was, for all practical purposes, a suit against the state. *Id.* at 699, 98 S.Ct. at 2578, 57 L.Ed.2d at 539. The court also noted that, as here, it was the Attorney General who was defending the suit throughout. *See also Armstrong v. Reed*, 462 F.Supp. 496, 500–501 (N.D.Miss.1978); *Wisconsin Socialist Workers v. McCann*, 460 F.Supp. 1054, 1057–59 (E.D.Wis.1978). In keeping with those cases and others, the ends of justice will best be served by taxing costs and attorney's fees against the Tennessee Department of Correction.

An appropriate order will be entered.