# IOWA *v.* ILLINOIS.

## ORIGINAL.

No. 5. Original. Submitted December 11, 1893. — Decided January 15, 1894.

At October term, 1892, an order was made appointing commissioners " to locate and mark the state line between the States of Iowa and Illinois, pursuant to the opinion of this court in this cause," reported in 147 U. S. 1. At the same term the commissioners filed a report of their doings, which was ordered to be confirmed, and it was further ordered " that said commissioners proceed to determine and mark the boundary line between said States throughout its extent, and report thereon to

this court, with all convenient speed." At the present term the State of Illinois moved to set aside the order of confirmation. The State of Iowa resisted on the ground, among others, that the decree of confirmation was a final decree, which could not be set aside at a term subsequent to that at which it was entered. *Held*, that the confirmation of the report was not a final decree deciding and disposing of the whole merits of the cause, and discharging the parties from further attendance; that the court could not dispose of the case by piecemeal; and that until the boundary line throughout its extent is determined, all orders in the case will be interlocutory.

In the exercise of original jurisdiction in the determination of the boundary line between sovereign States, this court proceeds only upon the utmost circumspection and deliberation, and no order can stand in respect of which full opportunity to be heard has not been afforded.

THIS was a motion to set aside a decree entered in this cause at October term, 1892.

The case is stated in the opinion.

*Mr. M. T. Moloney,* Attorney General of the State of Illinois, *Mr. A. W. Green,* and *Mr. Henry S. Robbins* for the motion.

*Mr. John Y. Stone,* Attorney General of the State of Iowa, *Mr. John F. Lacey, Mr. Felix T. Hughes,* and *Mr. James C. Davis* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was an original suit in equity instituted in this court to determine the boundary line between the States of Iowa and Illinois, and considered upon submission on the pleadings and the briefs of counsel.

On the third of January, 1893, the question at issue was decided, *Iowa* v. *Illinois,* 147 U. S. 1, and an interlocutory decree entered, whereby it was " ordered, adjudged, and declared by this court that the boundary line between the State of Iowa and the State of Illinois is the middle of the main navigable channel of the Mississippi River at the places where

the nine bridges mentioned in the pleadings cross said river; and . it . is further ordered that a commission be appointed to ascertain and designate at said places the boundary line between the two States, said commission consisting of three competent persons, to be named by the court upon suggestion of counsel; and be required to make a proper examination, and to delineate on maps prepared for that purpose the true line as determined by this court, and report the same to the court for its further action."

March 6, 1893, a joint request was filed in this court, dated · January 19, 1893, signed by the attorneys general of the two States concerned, requesting the appointment of certain persons therein suggested as commissioners to fix the boundary line, and that the line be located at once at the Keokuk and Hamilton bridge, and on the next day an order was entered in accordance with this request, as follows: " It is ordered that said Montgomery Meigs, John R. Carpenter, and Albert Wempner be, and they are hereby, appointed commissioners to locate and mark the state line between the States of Iowa and Illinois, pursuant to the opinion of this court in this cause, at each of the nine bridges across the Mississippi River between these States. And inasmuch as there is an emergency existing therefor, it is ordered that said commissioners proceed at once to ascertain and mark the boundary line between said States at the Keokuk and Hamilton bridge, and report at once their action in that regard before proceeding to ascertain the line or mark the same at the other bridges, and that afterward they determine and mark the said state line at the other eight bridges when requested by either party, and report the same. That before entering upon their duties they take and forward to the clerk of this court, to be filed, an oath that they will faithfully perform their duties as such commissioners, under the decision rendered in this cause, to the best of their ability. That the clerk of this court furnish to said commissioners a copy of this order, and the opinion of the court in this cause."

The commissioners filed their report March 30, 1893, as to the boundary line at the bridge mentioned, and on the same day the State of Iowa moved for an order confirming the re-

port, counsel making the application being advised that it was consented to on behalf of the State of Illinois. On April 10, 1893, an order was entered in these words : " This cause coming on to be heard upon the application of the State of Iowa for an order confirming the report of the commissioners, presented herein, ascertaining and marking the boundary line between the State of Illinois and the State of Iowa, at the Keokuk and Hamilton bridge at Keokuk, Iowa, it is ordered that the said report be, and the same is hereby, confirmed ; and it is further ordered that said commissioners proceed to determine and mark the boundary line between said States throughout its extent, and report thereon to this court, with all convenient speed, and that the order herein entered on March 7, 1893, be, and it is hereby, modified in accordance herewith."

As will be seen, these proceedings were had at October term, 1892. The State of Illinois on October 11, 1893, one of the first days of October term, 1893, by leave of court, moved to set aside the order confirming the report of the commissioners filed as before stated, upon the ground that notice was not given of the application for the confirmation of said report, and that the consent of the State was signified to the court through mistake and inadvertence. This motion was resisted by the State of Iowa, and numerous affidavits have been filed on both sides.

We are satisfied, upon a careful examination of the papers, that counsel were laboring under misapprehension in the matter of the application for the confirmation, and that the order of the tenth of April was improvidently entered in that the State of Illinois had not received due notice of the application and had not consented to the order. It is unnecessary to rehearse the facts and circumstances which led to the misapprehension. It is objected by the State of Iowa that the order of April 10 was a final finding and decree, and that it cannot be changed or set aside upon motion at a term of court subsequent to that at which it was entered; but we regard the order as interlocutory merely. The confirmation of the report was but a step in the cause and not a final decree de-

ciding and disposing of the whole merits of the cause, and discharging the parties from further attendance. We cannot dispose of the case by piecemeal, and until the boundary line throughout its extent is determined, all orders in the case will be interlocutory.

In the exercise of original jurisdiction in the determination of the boundary line between sovereign States, this court proceeds only upon the utmost circumspection and deliberation, and no order can stand in respect of which full opportunity to be heard has not been afforded. Without intimating any opinion on the controversy raised as to the action of the commissioners,

*The order of April 10, 1893, so far as it confirms the report in question, will be vacated, and it is so ordered.*