## MISSOURI v. IOWA.

ORIGINAL.

No. 10.  Original.  Submitted December 17, 1895. — Decided February 3, 1896.

At the request of the parties, this court, after deciding where is the true and proper southern boundary line of the State of Iowa, appoints a commission to find and remark the same with proper and durable monuments.

THE State of Missouri, through its Attorney General, filed in this court in vacation its bill, in which, after setting forth the former proceedings had herein for the determination of the boundary line between it and the State of Iowa, which are reported in 6 How. 659, and 10 How. 1, it was further said:

" Complainant states that it is highly important to the States of Iowa and Missouri that the question of boundary should be speedily and finally settled; that heretofore the peace of the people of the States of Missouri and Iowa, especially in the county of Mercer, in the former, and the county of Decatur, in the latter, have been seriously disturbed in consequence of frequent conflicts of jurisdiction arising from differences of opinion as to the location of the said state line between said counties.

" Complainant further states that the State of Missouri has no adequate relief at law, and, as the controversy herein involves questions of jurisdiction and sovereignty, it is respectfully prayed that the State of Iowa may be made a defendant in this proceeding, and that she may be permitted to answer the matters and things herein set forth, and upon a final hearing that the northern boundary line of the State of Missouri, it being the boundary line between the complainant and defendant, be by the order and decree of this court ascertained and established; that the rights of possession, jurisdiction, and sovereignty of the State of Missouri to all the territory south of the line heretofore marked and run out by said J. C. Sullivan

in 1816, remarked by the commissioners heretofore named in 1850, and approved by the decree of the Supreme Court of the United States rendered as aforesaid, be restored to said State of Missouri, and that said State of Missouri be quieted in her title thereto, and that the defendant, The State of Iowa, be forever enjoined and restrained from disturbing the said State of Missouri, her officers and her citizens, in the full enjoyment and possession of the territory lying south of said line, and that such other and further relief may be granted as the nature of the case may require."

The State of Iowa, by its Attorney General, filed its answer, denying some of the allegations in the bill, admitting others, making further averments on its own part, and concluding:

" Said respondent, with the view to have an ultimate and final decision of the controversy, prays that this answer may also be treated as a cross-bill, and joins in the prayer of said complainant that the said boundary line between said complainant and respondent be, by the order and decree of this court, ascertained and established, and to that end that a commission be appointed, in such manner as to this court shall be deemed proper, to retrace the line traced and marked by the commission of this court in 1850, and as set forth in the decree of this court in the case of *State of Missouri* v. *The State of Iowa,* as aforesaid, and that such retracing of such line thus found be by such commissioners marked with fixed and enduring monuments, and that the title of the State of Iowa in and to all land or territory north of the line thus found and marked be forever quieted in the said respondent, and for such other and further relief as equity and good conscience may require."

To this answer the State of Missouri filed replication as follows:

" Complainant, for its reply to respondent's answer herein, states that it is true, as heretofore alleged in complainant's petition heretofore filed in this cause, that the officers of the State of Iowa are exercising jurisdiction over territory lying south of the boundary line between the States of Missouri and Iowa.

"Complainant, for further reply to respondent's answer herein, states that it is necessary, in order that conflicts of jurisdiction should be avoided between said States, that the true boundary line, as heretofore established under a decree of this court by Hendershott and Minor, in 1850, should be reëstablished and relocated, and to this end it is asked that the court may enter a decree relocating and reëstablishing said line, and that such other and further orders may be made herein as are necessary to effect the same."

The parties further stipulated, each by its Attorney General, as follows:

"It is hereby agreed that the above entitled cause may be submitted to the court on the petition, answer, and reply of the parties hereto, and if to the court it seems proper that a commission of two civil engineers or surveyors may be appointed to retrace the line established and decreed by the Supreme Court of the United States in the case of *The State of Missouri* v. *The State of Iowa,* one of such commissioners to be appointed by the State of Missouri and one by the State of Iowa, and if the parties are unable to agree that they may appoint a third, that such commission shall proceed without unnecessary delay and retrace the line as run and located by Hendershott and Minor in 1850 between the 50th and 55th mile-posts on said line, beginning and ending the survey at such points as may be necessary to ascertain the true original line between said mile-posts, and, having found said true line, to mark the same by plain and enduring monuments and make report of their said retracing and survey of said line to this court."

*Mr. R. F. Walker,* Attorney General of the State of Missouri, for the complainant.

*Mr. Milton Remley,* Attorney General of the State of Iowa, for the respondent.

MR. CHIEF JUSTICE FULLER, on the 3d of February, 1896, announced that the Court ordered the following decree to be entered in the case.

This cause coming on to be heard on the original bill filed herein by the State of Missouri against the State of Iowa, the answer thereto by the State of Iowa, and the reply to said answer by the State of Missouri, and the pleadings and stipulations filed herein by counsel for the respective parties having been duly considered, and the decrees heretofore rendered by this court on February 13, 1849, and on January 3, 1851, with the report of commissioners forming part thereof, in a cause then pending before this court between the said States of Missouri and Iowa in regard to the same boundary line now in controversy having been examined:

It is, thereupon, this third day of February, A. D. 1896, ordered, adjudged, and decreed, that the true and proper northern boundary line of the State of Missouri and the true and proper southern boundary line of the State of Iowa is the line run, located, marked, and defined by Hendershott and Minor, commissioners of this court, under the order and decree of this court, as set forth in their report annexed to said decree of January 3, 1851. And it appearing further to the court that the proper boundary line between said States, run, located, and established by Hendershott and Minor, as aforesaid, has, between the fiftieth and fifty-fifth mile-posts on the same, become obliterated, and that the monuments originally placed thereon have been destroyed, therefore it is further ordered, adjudged, and decreed that James Harding of the State of Missouri, Peter Dey of the State of Iowa, and Dwight C. Morgan of the State of Illinois, be and they are hereby appointed commissioners to find and remark with proper and durable monuments such portions of said line so run, marked and located by Hendershott and Minor as have become obliterated, especially between the fiftieth and fifty-fifth mile-posts on the same, and that they begin and end such survey at such points along said line as will enable them to definitely relocate and redesignate the same.

It is further ordered, that the clerk of this court at once forward to the chief magistrate of each of said States and to each of the commissioners designated by this decree a copy of said decree duly authenticated, and that said commissioners

request the coöperation and assistance of the state authorities in the performance of the duties imposed upon them by this decree, and proceed with all convenient speed to discharge their duty in relocating and remarking such portions of said line as have become obliterated, as herein directed, and make their report thereof and of their proceedings in the premises to this court on or before the first day of May, 1896, together with a complete bill of costs and charges annexed.

And it is further ordered that, should either of said commissioners die or refuse to act or be unable to perform the duties required by this decree, while the court is not in session, the Chief Justice is hereby authorized and empowered to appoint another commissioner to supply the vacancy, and he is authorized to act on such information in the premises as may be satisfactory to himself.

It is further ordered, that all costs of this proceeding, including not exceeding ten dollars per day for each commissioner, and the other costs incident to the marking and establishment of this line, shall be paid by the States of Missouri and Iowa equally.

*So ordered.*