## STATE OF WYOMING *v.* STATE OF COLORADO ET AL.

### IN EQUITY.

No. 3, Original.. October Term, 1921. Petition for rehearing denied. Modified final decree entered October 9, 1922.

The original decree, herein modified, is reported in 259 U. S., at p. 496.

*Mr. Victor E. Keyes,* Attorney General of the State of Colorado, *Mr. William R. Ramsey, Mr. Delph E. Carpenter, Mr. Julius C. Gunter* and *Mr. L. Ward Bannister,* for defendants, submitted the petition.

1. On consideration of the defendants' petition for a rehearing heretofore presented by leave of the court, it is considered, ordered and decreed that the decree entered herein on June 5, 1922, be modified to read as follows:

This cause having been heretofore submitted on the pleadings and the evidence taken before and reported by the commissioners appointed for the purpose, and the Court being now fully advised in the premises:

It is considered, ordered and decreed that the defendants, their officers, agents and servants, be, and they are hereby, severally enjoined from diverting or taking from the Laramie River and its tributaries in the State of Colorado more than fifteen thousand five hundred (15,500)

acre-feet of water per annum in virtue of or through what is designated in the pleadings and evidence as the Laramie-Poudre Tunnel appropriation in that State,

Provided, that this decree shall not prejudice the right of the State of Colorado, or of any one recognized by her as duly entitled thereto, to continue to exercise the right now existing and hereby recognized to divert and take from such stream and its tributaries in that State eighteen thousand (18,000) acre-feet of water per annum in virtue of and through what is designated in the pleadings and evidence as the Skyline Ditch appropriation in that State; nor prejudice the right of that State, or of any one recognized by her as duly entitled thereto, to continue to exercise the right now existing and hereby recognized to divert and take from such stream and its tributaries in that State four thousand two hundred and fifty (4,250) acre-feet of water per annum in virtue of and through the meadow-land appropriations in that State which are named in the pleadings and evidence; nor prejudice the right of the State of Colorado, or of any one recognized by her as duly entitled thereto, to continue to exercise the right now existing and hereby recognized to divert and take from the headwaters of Deadman Creek, a Colorado tributary of the Laramie River, the relatively small amount of water appropriated therefrom prior to the year 1902 by and through what is designated in the evidence as the Wilson Supply Ditch; nor prejudice or affect the right of the State of Colorado or the State of Wyoming, or of any one recognized by either State as duly entitled thereto, to continue to exercise the right to divert and use water from Sand Creek, sometimes spoken of as a tributary of the Laramie River, in virtue of any existing and lawful appropriation of the waters of such creek;

And it is also considered, ordered and decreed that the costs of this suit be apportioned among and paid by the

parties thereto as follows: The State of Wyoming one-third, the State of Colorado one-third, and the two corporate defendants jointly one-third.

And it is further considered, ordered and decreed that the clerk of this Court do transmit to the chief magistrates of the States of Colorado and Wyoming copies of this decree duly authenticated under the seal of this Court.

2. In view of the modifications hereby made in the decree of June 5, 1922, the petition for rehearing in this cause is hereby denied.