## STATE OF NORTH DAKOTA *v.* STATE OF MINNESOTA.

### IN EQUITY.

No. 10, Original.   Instruction to the Clerk.—Opinion rendered January 21, 1924.

In an original suit between States, the practice has been to divide the costs between the parties where the matter was a governmental question in which each had a real, yet not a litigious, interest; but where the proceeding is clearly litigious, conducted on behalf and, apparently, at the expense of private individuals, the costs should be adjudged against the defeated plaintiff.

Costs taxed against plaintiff.   See *ante,* p. 365.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

The Clerk has asked instruction concerning the taxation of costs.

By far the greater number of suits between States have been brought for the purpose of settling boundaries.[1]   In the first, *Rhode Island* v. *Massachusetts,* 4 How. 591, 639, the bill was dismissed.   There was no provision as to costs in the decree and the record of fees is not available.   In

[1] *Rhode Island* v. *Massachusetts,* 4 How. 591, 639; *Missouri* v. *Iowa,* 7 How. 660; *Same Case,* 10 How. 1; *Missouri* v. *Kentucky,* 11 Wall. 395; *Indiana* v. *Kentucky,* 136 U. S. 479; *Same Case,* 159 U. S. 275; *Same Case,* 163 U. S. 520, 527; *Nebraska* v. *Iowa,* 143 U. S. 359, 370; *Iowa* v. *Illinois,* 147 U. S. 1; *Same Case,* 151 U. S. 238; *Same Case,* 202 U. S. 59; *Missouri* v. *Iowa,* 160 U. S. 688, 692; *Same Case,* 165 U. S. 118; *Missouri* v. *Nebraska,* 196 U. S. 23; *Same Case,* 197 U. S. 577; *Washington* v. *Oregon,* 211 U. S. 127; *Same Case,* 214 U. S. 205; *Missouri* v. *Kansas,* 213 U. S. 78; *Maryland* v. *West Virginia,* 217 U. S. 577, 585; *North Carolina* v. *Tennessee,* 235 U. S. 1, 17; *Minnesota* v. *Wisconsin,* 252 U. S. 273; *Same Case,* 254 U S. 14; *Same Case,* 258 U. S. 149; *Arkansas* v. *Mississippi,* 256 U. S. 28, 35; *Georgia* v. *South Carolina,* 257 U. S. 516, 523; *Oklahoma* v. *Texas,* 258 U. S. 574.

*Missouri* v. *Kentucky,* 11 Wall. 395, the bill was dismissed with costs, from which we infer that the defeated party paid them. In the remaining thirteen the costs were equally divided.

In *Nebraska* v. *Iowa,* 143 U. S. 359, 370, Mr. Justice Brewer, speaking for the Court, said: " The costs of this suit will be divided between the two States, because the matter involved is one of those governmental questions in which each party has a real and vital, and yet not a litigious, interest." And in *Maryland* v. *West Virginia,* 217 U. S. 577, 582, Mr. Justice Day delivering the opinion of the Court, said:

" The matter involved is governmental in character, in which each party has a real and yet not a litigious interest. The object to be obtained is the settlement of a boundary line between sovereign States in the interest, not only of property rights, but also in the promotion of the peace and good order of the communities, and is one which the States have a common interest to bring to a satisfactory and final conclusion. Where such is the nature of the cause we think the expenses should be borne in common, so far as may be, and we therefore adopt so much of the decree proposed by the State of Maryland as makes provision for the cost of the surveys made under the order of this court."

The same rule, however, does not apply to cases in which the parties have a litigious interest. In *New Hampshire* v. *Louisiana* and *New York* v. *Louisiana,* 108 U. S. 76, 91, the complainant States brought suits upon bonds of Louisiana assigned to them by their citizens for the purpose of avoiding the inhibition of the Eleventh Amendment. The suits were dismissed with costs adjudged against the complainants.

In *South Dakota* v. *North Carolina,* 192 U. S. 286, 321, the suit was on bonds of North Carolina donated by the original purchasers to South Dakota and there was judg-

ment for South Dakota for the amount due with costs of suit.

In *Missouri* v. *Illinois,* 200 U. S. 496, 526, which was a bill to restrain Illinois and her subordinate agency, the Chicago Sanitary District, from discharging sewage into the Mississippi and exposing the people of Missouri to danger of typhoid fever from germs in their drinking water, the bill was dismissed without prejudice but the costs were adjudged against the complainant State.

In *New York* v. *New Jersey,* 256 U. S. 296, 313, the bill sought to restrain the pollution of the harbor of New York. The bill was dismissed without prejudice, but the costs were adjudged against New York.

In *Kansas* v. *Colorado,* 206 U. S. 46, 117, the suit was brought to enjoin diversion of flowing water. Apparently the Court regarded the issue as a non-litigious one the settlement of which would be useful to both States and, following the boundary cases, divided the costs. In *Wyoming* v. *Colorado,* 259 U. S. 496; 260 U. S. 1, 3, where the issue was similar, the costs were adjudged one-third to Wyoming, one-third to Colorado, and one-third to two corporate defendants at whose expense the case had been defended by Colorado.

The present proceeding is clearly a litigious one. The persons whose lands were overflowed raised a fund to conduct the litigation. The bill of North Dakota asked for a decree of injunction with $5,000 for damages to state property and $1,000,000 for damages to residents of North Dakota with the purpose, presumably, of distributing the latter sum to injured residents, contributors to the fund. The exact agreement as to the use of the funds thus raised does not appear in the record. When the State Engineer of North Dakota, Mr. Ralph, the chief witness for the State, was cross-examined in respect to it, he refused to answer by advice of counsel for North Dakota. The natural inference is that the fund was being

used in the conduct of the litigation. We think that the circumstances put this case in the category with *New Hampshire* v. *Louisiana, Missouri* v. *Illinois,* and *New York* v. *New Jersey,* and that the costs should be taxed against North Dakota, the defeated party.

*It is so ordered.*