No. 3, Original, October Term, 1921. WYOMING *v.* COLORADO. Upon consideration of the joint motion of counsel for the parties in this case to vacate the former decree (259 U. S. 496; 260 U. S. 1), it is ordered that the joint motion be, and it is hereby, granted and the former decree, as amended, is vacated and a new decree is entered to read as follows:

"IT IS ORDERED, ADJUDGED AND DECREED that:

"I. The State of Colorado, or anyone recognized by her as duly entitled thereto, shall have the right to divert from the Laramie river and its tributaries, for use in the State of Colorado, 49,375 acre-feet of water in each calendar year, which diversion and use shall be subject to the limitations and restrictions hereinafter set forth. The State of Wyoming, or anyone recognized by her as duly entitled thereto, shall have the right to divert and use all water flowing and remaining in the Laramie river and its tributaries after such diversion and use in Colorado.

"II. The State of Colorado, its officers, attorneys, agents and employees be, and they are severally enjoined

"(a) from diverting or permitting the diversion of more than 19,875 acre-feet of water in any calendar

year from the Laramie river and its tributaries for use in Colorado at any or all points outside of the basin of said river, which amount may be diverted by the present owners of transmountain water rights or by their successors in ownership, through any ditches, canals, tunnels or structures capable of carrying the same, as the owners of said water rights and of such structures may from time to time agree among themselves, or as may be determined by a court of competent jurisdiction;

"(b) from diverting or permitting the diversion of more than 29,500 acre-feet of water in any calendar year from the Laramie river and its tributaries for use in Colorado within the drainage basin of said river, of which amount not more than 1,800 acre-feet shall be diverted in any calendar year after July 31; provided, that if in any calendar year any part or all of said 19,875 acre-feet of water which may be diverted for use outside of the drainage basin of said river is not so diverted for use outside the drainage basin of said river, the amount not so diverted may be added to the amount which may be diverted hereunder for use in Colorado within the drainage basin of said river. Such water diverted for use in Colorado within the drainage basin of said river shall be diverted only through the headgates of ditches serving, and shall only be used to irrigate, those lands within the Laramie river basin in Colorado which are marked and designed by cross-hatching on Exhibit 'A' attached hereto and hereby made a part hereof, by the present owners of said lands and the water rights serving said lands or by their successors in ownership, and none of said waters shall be used for the irrigation of any lands not included within the boundaries of the lands so indicated on Exhibit 'A'.

EXHIBIT "A"

Attached to and made a part of the
Decree entered May 13, 1957, by
THE SUPREME COURT OF THE UNITED STATES
in No. 3, Original, October Term, 1921,
WYOMING *v.* COLORADO.

SCALE

0 MILE

"III. Except as modified or restricted hereby, the relative rights to the use of Colorado's share of the Laramie river shall continue to be governed by the rules of appropriation and use as determined by the laws of Colorado, and shall be administered by its water officials.

"IV. This decree shall not prejudice or affect the right of the State of Colorado or the State of Wyoming, or of anyone recognized by either state as duly entitled thereto, to continue to exercise the right to divert and use water from Sand Creek, sometimes spoken of as a tributary of the Laramie river, in virtue of an existing and lawful appropriation of the waters of such creek.

"V. The Clerk of this Court shall transmit to the chief magistrates of the States of Wyoming and Colorado copies of this decree duly authenticated under the seal of this Court."

The motion of Ward Goodrich et al. for leave to intervene is denied.

*George F. Guy,* Attorney General, and *Howard B. Black,* Deputy Attorney General, for the State of Wyoming, complainant.

*Duke W. Dunbar,* Attorney General, *Frank E. Hickey,* Deputy Attorney General, *John B. Barnard, Jr.,* Assistant Attorney General, and *Felix L. Sparks,* Special Assistant Attorney General, for the State of Colorado, defendant.

*James A. Greenwood* for Goodrich et al., movants.