WISCONSIN SOCIALIST WORKERS 1976 CAMPAIGN COMMITTEE, John Doe, Milwaukee, Wisconsin, Individually, and on behalf of all others similarly situated, John Roe, Milwaukee, Wisconsin, Individually, and on behalf of all others similarly situated, Bernard Senter, Norbert Francis, Plaintiffs,

v.

E. Michael McCANN, Thaddeus C. Stawicki, Rosaline Brojanac, Joseph Carpenter, Marion L. Heaney, Defendants.

No. 76–C–73.

United States District Court,
E. D. Wisconsin.

Nov. 14, 1978.

John Sundquist, Walther & Halling, Walter F. Kelly, Goldberg, Previant & Uelman, Milwaukee, Wis., for plaintiffs.

Robert Donohoo, Asst. Dist. Atty., Milwaukee County, John Kitzke, City Atty., Milwaukee, Wis., John J. Glinski, Asst. Atty. Gen., State of Wis., Madison, Wis., for defendants.

Before FAIRCHILD, Chief Circuit Judge, REYNOLDS, Chief District Judge, and WARREN, District Judge.

## MEMORANDUM AND ORDER

WARREN, District Judge.

Plaintiffs commenced this action under 42 U.S.C. § 1983 alleging that particular provisions of the Wisconsin Campaign Financing Act (the "Financing Act") deprived them of rights of privacy, of association and belief guaranteed by the First and Fourteenth Amendments to the United States Constitution.

On June 13, 1977, final judgment was entered granting plaintiffs full declaratory and injunctive relief on the merits of the action [433 F.Supp. 540]. The three-judge panel held that Sections 11.06(1)(a), (b), (g) and (h) of the Financing Act could not be constitutionally applied to the plaintiffs to the extent that said sections require the disclosure of the identities of contributors and disbursement recipients of the Wisconsin Socialist Workers Party. The Court also enjoined E. Michael McCann, his successors in office, agents and employees and the State of Wisconsin, its agents and employees and all persons in participation with them from enforcing sections of the Financing Act against the plaintiff.

Plaintiffs have filed a motion pursuant to 42 U.S.C. § 1988, as amended, for actual reasonable attorney's fees and expenses.

On October 25, 1977, this Court instructed the parties to address the issue of whether this action is properly maintainable under 42 U.S.C. § 1983. After careful consideration of this issue, the Court concludes that this suit is proper under § 1983. *Monell v. The Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Drollinger v. Milligan*, 552 F.2d 1220 (7th Cir. 1977).

The defendants in this action are the State of Wisconsin, the Milwaukee County District Attorney, E. Michael McCann and Thaddeus Stawicki, a member of the City of Milwaukee Board of Election Commission (Election Board).

There is some question as to whether or not the Wisconsin Attorney General is also a party defendant. On March 16, 1976, the State of Wisconsin moved to intervene in this action as a party defendant. At a hearing on March 19, 1976, the Court orally granted the State of Wisconsin and, more particularly, the Attorney General, leave to intervene. However, the written order subsequently signed by the Court listed the State of Wisconsin as the only intervening defendant. For the purposes of this motion, and based upon the reasoning contained herein, the Court need not decide whether or not the Wisconsin Attorney General is a party defendant in this action.

Defendants Rosaline Brojanac, Joseph Carpenter and Marion L. Heaney, other members of the Election Board, were dismissed from this action by Court order on March 11, 1976.

Section 1988 of 42 U.S.C., as amended, known as the Civil Rights Attorney's Fees Awards Act of 1976 (the "Act") provides in relevant part:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

■ Under this section, the Court, in its discretion, may award attorney's fees to the prevailing party. Such an award can be made even if the action was commenced prior to the enactment of the Act. *Bond v. Stanton*, 555 F.2d 172 (7th Cir. 1977).

In *Bond,* the court recognized that Congress, by means of the Act, intended to impose liability for attorney's fees on governmental officials in their official capacities and to authorize damages which would have an impact upon state or local treasuries. The court also specifically held that the Eleventh Amendment did not bar an award of attorney's fees against a state official acting in his or her official capacity. *Id.* at 174–75.

In separate reports on the Civil Rights Attorney's Fees Awards Act, both the Senate and House of Representatives' Committees on the Judiciary stressed that the parties seeking to enforce their civil rights, if successful, should ordinarily recover attorney's fees, unless special circumstances would render an award unjust.

■ The legislative history of the Act further shows that Congress meant to allow awards against governmental units.

> In several hearings held over a period of years, the Committee has found that fee awards are essential if the Federal statutes to which S. 2278 applies are to be fully enforced. We find that the effects of such fee awards are ancillary and incident to securing compliance with these laws, and that fee awards are an integral part of the remedies necessary to obtain such compliance. Fee awards are therefore provided in cases covered by S. 2278 in accordance with Congress' powers under, inter alia, the Fourteenth Amendment, Section 5. As with cases brought under 20 U.S.C. § 1617, the Emergency School Aid Act of 1972, defendants in these cases are often State or local bodies or State or local officials. In such cases it is intended that the attorneys' fees, like other items of costs, will be collected either directly from the official, in his official capacity, from funds of his agency or under his control, or from the State or local government (whether or not the agency or government is a named party).

S.Rep. No. 1101, 94th Cong., 2d Session, 5 (1976), U.S.Code Cong. & Admin.News 1976, pp. 5908, 5913.

The Report of the House of Representatives' Committee on the Judiciary shows a similar intention.

> The greater resources available to governments provide an ample base from which fees can be awarded to prevailing plaintiffs in suits against governmental officials or entities. H.R.Rep. No. 94–1558, 94th Cong., 2d Session, 7 (1976).

The Report adds in a footnote that "of course, the Eleventh Amendment is not a bar to the awarding of counsel fees against state governments." *Id.,* n. 14. An amendment which would have exempted state and local governments from the provisions of the Act was tabled. 122 Cong.Rec. § 16432–16434 (daily ed. Sept. 22, 1976).

■ Plaintiffs request that any award of attorney's fees, expenses and costs be awarded directly to the Wisconsin Civil Liberties Union Foundation, Inc. In *Brandenburger v. Thompson,* 494 F.2d 885, 889 (9th Cir. 1974), the Court stated:

> [T]he fact that the plaintiff was not obligated to pay the ACLU for its services is not a bar to an award of attorneys' fees. All that is required is the existence of an attorney-client relationship . . .

The Seventh Circuit Court of Appeals followed this holding in *Hairston v. R&R Apartments,* 510 F.2d 1090 (7th Cir. 1975). This Court finds no problem with awarding plaintiffs' attorney's fees to the Wisconsin Civil Liberties Union Foundation, Inc.

■ The Court's review of the record in this action reveals no special circumstances which would warrant a denial of an award of attorney's fees to the plaintiffs. Therefore, this Court concludes that an award of attorney's fees would be proper in this case.

It must now be determined who shall, in fact, be liable for the payment of said fees.

■ Defendant Stawicki, as a member of the Election Board, and the "filing officer" for the Campaign Committee, was basically performing a ministerial function in requiring compliance with the provisions of the Financing Act. The Attorney General ruled on August 16, 1976 that the Election Board lacked any authority to exempt polit-

ical parties from the disclosure requirements of the Financing Act. Therefore, the Court concludes that defendant Stawicki should not be held liable for any attorney's fees.

■ With respect to defendant McCann, Section 11.60 of the Campaign Financing Act provided civil penalties for any person, committee or group that violates any provision of the Act. In a letter to the Wisconsin Socialist Workers Campaign Committee, dated March 11, 1976, the District Attorney's office indicated an intention to proceed against plaintiff Norbert Francis and not the Campaign Committee under section 11.60. Although the District Attorney's office was apparently authorized to proceed against the plaintiffs, no action was ever commenced.

In light of the function of the District Attorney's office under the Financing Act and under the particular circumstances of this case, the Court finds that attorney's fees should not be assessed against defendant McCann.

Thus, the State of Wisconsin is the remaining defendant. As previously mentioned, the State moved to intervene in this § 1983 action to support the constitutionality of a challenged state statute. The State has an interest in defending its legislation and, in this case, is the real party in interest.

■ When any person or entity interjects itself into an action and the party has a very strong interest in the outcome of the case, that party subjects itself to any costs that may be incurred in the action. In this Court's opinion, it would be inequitable to allow the State to intervene and vigorously defend its statute and then claim it is not liable for costs incurred in the action.

In *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), the United States Supreme Court upheld an award of attorney's fees against the State of Arkansas even though neither the State nor the Department of Corrections was expressly named as a defendant. The Court held that the injunctive suit against prison offi-

cials was for all practical purposes brought against the State.

The Court discussed the legislative history and purpose of the Civil Rights Attorney's Fees Awards Act and stated:

The Act imposes attorney's fees "as a part of the costs." Costs have traditionally been awarded without regard for the States' Eleventh Amendment immunity. The practice of awarding costs against the States goes back to 1849 in this Court. *See, Missouri v. Iowa,* 7 How. 660, 681, [12 L.Ed. 861, 870]; *North Dakota v. Minnesota,* 263 U.S. 583, [44 S.Ct. 208, 68 L.Ed. 461]. The Court has never viewed the Eleventh Amendment as barring such awards, even in suits between States and individual litigants.

. . . A federal court's interest in orderly, expeditious proceedings "justifies [it] in treating the State just as any other litigant and in imposing costs on it" when an award is called for. *Id.* at 696, 98 S.Ct. at 2577, citing *Fairmont Creamery Co. v. Minnesota,* 275 U.S. 70, 48 S.Ct. 97, 72 L.Ed. 168 (1927).

█ Furthermore, it is clear that Congress may overcome the State's Eleventh Amendment immunity when it acts under Section 5 of the Fourteenth Amendment. *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). Congress exercised its power under section 5 of the Fourteenth Amendment in enacting § 1988. S.Rep. No. 1101, 94th Cong., 2d Session, 5 (1976), U.S.Code Cong. & Admin.News 1976, pp. 5912–5913; *Bond v. Stanton, supra.*

█ In light of these considerations, this Court concludes that "[w]hen a State defends a suit for prospective relief, it is not exempt from the ordinary discipline of the courtroom." *Hutto v. Finney, supra* at 98 S.Ct. 2576, n.24. The Court hereby determines that the State of Wisconsin should be liable for plaintiff's attorney's fees in this case.

Plaintiff's counsel has supplied a detailed affidavit stating that from his initial involvement in the action until June 28, 1977, he expended 220.4 hours in the prosecution of this case excluding time spent in various telephone conversations with defendants' counsel and in preparing papers relating to the motion for costs and attorney's fees. Counsel seeks costs and expenses plus attorney's fees in the amount of $18,000. Based on the hours claimed, this figure computes out to an hourly billing rate of about $82.00 per hour.

█ Fees awarded are to be adequate enough to attract competent counsel. The amount should "be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases, and not be reduced because the rights involved may be nonpecuniary in nature." S.Rep. No. 1101, 94th Cong., 2d Session, 6 (1976), U.S.Code Cong. & Admin. News 1976, p. 5913. *See, King v. Greenblat,* 560 F.2d 1024 (1st Cir. 1977); *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir. 1974).

█ Guidelines for attorney's fees awards are set forth in *Waters v. Wisconsin Steel Workers of International Harvester Co.,* 502 F.2d 1309, 1322 (7th Cir. 1974). The following factors are to be considered in addition to the hours spent times the billing rate.

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill [required] to perform the legal service properly.

(2) That likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

(5) The time limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent.

■ This Court has considered these factors and finds that an award of $9,920.00 is appropriate.

■ In addition, the plaintiff's counsel is entitled to costs and attorney's fees incurred in bringing his motion for taxation of costs. Plaintiff's counsel is requested to prepare an application and affidavit stating the hours spent in preparing and briefing said motion and the billing rate used.

In light of the foregoing, it is ordered that the plaintiff's request for an award of attorney's fees be and is hereby granted payable by the State of Wisconsin. The total amount of the fees award will be determined after the Court has received the information requested herein.