See also, D.C., 661 F.Supp. 1053.

**UNITED STATES of America, et al., Plaintiffs,**

**and**

**State of California, Plaintiff–Counter–Defendant–Appellant,**

**v.**

**J.B. STRINGFELLOW, Jr., et al., Defendants–Counter–Claimants–Appellees.**

**No. 89–55500.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 1990.

Decided Aug. 10, 1990.

Marcelle E. Mihaila and Kenneth S. Klein, Gray, Cary, Ames & Frye, San Diego, Cal., for plaintiff-counter-defendant-appellant.

Robert P. Dahlquist and Richard W. Raushenbush, Latham & Watkins, San Diego, Cal., for defendants-counter-claimants-appellees.

Before BROWNING and PREGERSON, Circuit Judges, and COPPLE,* District Judge.

PER CURIAM:

Kammer, an attorney for the State of California, filed a motion for judgment on the pleadings on the ground appellees' counterclaims against the State were preempted by the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA). The magistrate, whose findings were adopted by the district court, denied the motion and sanctioned Kammer for failing to cite a Northern District of Illinois case and certain CERCLA provisions. We reverse.

The facts forming the basis of the sanctions are not disputed. Only the legal conclusion that those facts constitute a violation of Rule 11 is at issue. Rule 11 determinations are reviewed for abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, —— U.S. ——, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990).

The failure to cite relevant authority, whether it be case law or statutory provisions, does not alone justify the imposition of sanctions. "[N]either Rule 11 nor any other rule imposes a requirement that the lawyer, in addition to advocating the cause of his client, step first into the shoes of opposing counsel to find all potentially contrary authority, and finally into the robes of the judge to decide whether the authority is indeed contrary or whether it is distinguishable." *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1542 (9th Cir.1986).

However, if the omitted case law and statutory provisions would render the attorney's argument frivolous, he or she "should not be able to proceed with impunity in real or feigned ignorance of [them]," *id.*, and sanctions should be upheld.[1] An argument contained in a motion is frivolous under Rule 11 if it is unreasonable when viewed from the perspective of "a competent attorney admitted to practice before the district court." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir.1986); *see also Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir.1985) ("[W]here it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands, Rule 11 has been violated.").

Counsel for the State argued that a party liable under CERCLA for response costs who seeks contribution from another party may proceed only under CERCLA when the second party is also liable or potentially liable under CERCLA. This argument is plausibly supported by the language of 42 U.S.C. § 9613(f)(1).[2] Appellees argue the State's motion is frivolous because the last sentence of § 9613(f)(1) "saves" all other actions for contribution or

---

* The Honorable William P. Copple, Senior Judge, United States District Court for the District of Arizona, sitting by designation.

1. Appellees also contend on appeal that the motion was filed for improper purposes. But if the motion is not frivolous, it cannot fall within the "improper purpose" clause of Rule 11. *Golden Eagle*, 801 F.2d at 1538.

2. Section 9613(f)(1) provides:
   Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607(a) of this title. Such claims shall be brought in accordance with this section and the Federal Rules of Civil Procedure, and shall be governed by Federal law. In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate. Nothing in this subsection shall diminish the right of any person to bring an action for contribution in the absence of a civil action under section 9606 or section 9607 of this title.
   42 U.S.C. § 9613(f)(1) (1986).

indemnification. We think the last sentence of § 9613(f)(1) could plausibly be read to save state law and federal common law actions for contribution or indemnification only in those instances when the first party is not liable under CERCLA.

*Edward Hines Lumber Co. v. Vulcan Materials Co.*, 685 F.Supp. 651 (N.D.Ill. 1988), is relevant but distinguishable. *Hines* concerns parties who are not liable for contribution under CERCLA. *Id.* at 658. The State argues § 9613(f)(1) is the exclusive remedy for parties who are liable for contribution under CERCLA. Even if *Hines* were directly on point, a holding by the Northern District of Illinois would not render the State's motion to a district court in this circuit frivolous.

While 42 U.S.C. §§ 9607(e)(1) and (2), 9614(a) and (b), and 9652(d) are relevant to the interpretation of § 9613(f)(1), they do not preclude the conclusion for which the State argues. A court could plausibly interpret §§ 9607(e)(1), (2), 9614(a), (b), and 9652(d) as saving obligations and liabilities other than the obligation to contribute arising under CERCLA. Since the omitted case law and statutory provisions would not have rendered the State's argument frivolous, it was an abuse of discretion to sanction counsel for the omission. *Cooter & Gell*, 110 S.Ct. at 2461.

REVERSED.