**Philip COUSIN, et al., Plaintiffs,**

**v.**

**DISTRICT OF COLUMBIA,
et al., Defendants.**

**Civ. A. No. 91–0244.**

United States District Court,
District of Columbia.

Jan. 15, 1992.

Michael Jeffrey Eig, Matthew Barry Bogin, Bogin & Eig, Washington, D.C., for plaintiffs.

Andrea Grinbergs Comentale, Office of Corporation Counsel, D.C., Washington, D.C., for defendants.

### MEMORANDUM

AUBREY E. ROBINSON, Jr., Chief Judge.

Plaintiffs filed suit pursuant to the Handicapped Children's Protection Act (HCPA), 20 U.S.C. § 1415(e)(4)(B), the 1986 amendment to the Education of Handicapped Act (EHA), 20 U.S.C. § 1400 et seq. Plaintiffs are seeking attorneys' fees and experts' costs as prevailing parties in an administrative hearing with the D.C. Public Schools pursuant to 20 U.S.C.

§ 1415(e)(4)(B).[1] Defendant filed a Motion to Dismiss or in the Alternative for Summary Judgment alleging that the Supreme Court's decision in *Dellmuth v. Muth,* 491 U.S. 223, 109 S.Ct. 2397, 105 L.Ed.2d 181 (1989), bars plaintiffs' recovery of attorneys' fees and costs.

In *Moore v. District of Columbia,* 907 F.2d 165 (D.C.Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 556, 112 L.Ed.2d 563 (1990), the D.C. Circuit held that the EHA authorizes a parent or guardian who prevails in administrative proceedings to recover attorneys' fees.

In this case, the defendant filed a Motion to Dismiss or in the Alternative for Summary Judgment alleging that, despite the decision in *Moore,* the Supreme Court's decision in *Dellmuth v. Muth* bars plaintiffs' recovery of attorneys' fees and costs under the EHA.

### I. *Dellmuth v. Muth*

The Supreme Court held in *Dellmuth,* supra, that Congress may abrogate the States' Eleventh Amendment immunity only by clear language in the statute. According to the Court, the language of the EHA did not evidence a clear intent to abrogate the Eleventh Amendment's protection. Therefore, the States were immune from suit in federal court under the EHA. The defendant in this case asserts that *Dellmuth* precludes plaintiffs' recovery of attorneys' fees.

*Dellmuth,* however, clearly did not hold that attorneys' fees may be awarded only if the Eleventh Amendment is abrogated. The plaintiff in *Dellmuth* sought two awards: (1) reimbursement for the handicapped child's private school tuition for 1983–1984, and (2) attorneys' fees. 491 U.S. at 226, 109 S.Ct. at 2399. The Court held that the "statutory language of the EHA does not evince an unmistakably clear intention to abrogate the States' constitutionally secured immunity from suit. The Eleventh Amendment bars respondent's attempt to collect *tuition reimbursement* from the Commonwealth of Pennsylvania."

*Id.* at 232, 109 S.Ct. at 2402 (emphasis added). Thus, the EHA's failure to clearly evidence intent to abrogate the states' sovereign immunity precluded Muth from receiving a tuition reimbursement. The Court did not hold that failure to clearly abrogate the Eleventh Amendment in the EHA precluded the award of attorneys' fees.

The Court further distinguished an award of tuition reimbursement from an award of attorneys' fees by stating that "[t]he 1986 Amendment to the EHA deals only with *attorney's fees* and does not alter or speak to what parties are *subject to suit.* Respondent conceded as much at oral argument, acknowledging that 'the 1986 EHA Amendments ... are not directly relevant [here] because they concerned only attorney's fees.'" *Id.* at 231, 109 S.Ct. at 2402 quoting Tr. of Oral Arg. 28 (emphasis added).

Therefore, *Dellmuth* held that failure to clearly abrogate the Eleventh Amendment's protections precluded an award of tuition reimbursement, not an award of attorneys' fees. *Dellmuth* does not preclude an award of attorneys' fees in this case.

### II. Prospective Versus Retroactive Relief

Because *Dellmuth* does not govern the decision in this case, we must turn to relevant cases such as *Moore v. District of Columbia,* supra, and cases which directly address the Eleventh Amendment's relation to an award of attorneys' fees. The Supreme Court has decided two cases which hold that no abrogation of the Eleventh Amendment is necessary to a statutory award of attorneys' fees.

In *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), the Supreme Court dealt with this issue under 42 U.S.C. § 1988 which provided for reasonable attorneys' fees to be awarded as part of costs to prevailing parties. In that case, the State argued that any award of attorneys' fees was subject to the con-

---

1. This section states that "[i]n any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party."

**576**

straints of the Eleventh Amendment. The Court, in finding the State liable, distinguished between an award of monetary relief which compensates a party for retroactive, prelitigation conduct from an award which compensates for expenses incurred in litigation seeking prospective, injunctive relief only. 437 U.S. at 695, 98 S.Ct. at 2576. The former requires explicit statutory language to abrogate the Eleventh Amendment's protection, the latter does not. *Id.*[2] The Court found that attorneys' fees fall into the latter category. *Id.* at 695, 98 S.Ct. at 2576. The Court stated:

> [t]he Act imposes attorney's fees 'as part of the costs.' Costs have traditionally been awarded without regard for the States' Eleventh Amendment immunity. The practice of awarding costs against the States goes back to 1849 in this Court. *See Missouri v. Iowa*, 7 How. 660, 681, [12 L.Ed. 861]; *North Dakota v. Minnesota*, 263 U.S. 583 [44 S.Ct. 208, 68 L.Ed. 461] (collecting cases). The Court has never viewed the Eleventh Amendment as barring such awards, even in suits between States and individual litigants.

*Id.* *Hutto* goes on to explain that in *Fairmont Creamery Co. v. Minnesota*, 275 U.S. 70, 48 S.Ct. 97, 72 L.Ed. 168 (1927), the Court awarded costs against the State and rejected the State's claim of immunity. 437 U.S. at 696, 98 S.Ct. at 2576. "Because the interest in orderly and evenhanded justice is equally pressing in lower courts, *Fairmont Creamery* has been widely understood as foreclosing any Eleventh Amendment objection to assessing costs against a State in all federal courts." 437 U.S. at 696, n. 26, 98 S.Ct. at 2576, n. 26.

The Court concluded that "[i]t is much too late to single out attorney's fees as the one kind of litigation cost whose recovery may not be authorized by Congress without an express statutory waiver of the States' immunity." 437 U.S. at 698, 98 S.Ct. at 2577.

In 1989 the Court reaffirmed *Hutto* in *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989), stating that:

> [a]fter *Hutto* ... it must be accepted as settled that an award of attorney's fees ancillary to prospective relief is not subject to the strictures of the Eleventh Amendment.... That holding is unaffected by our subsequent jurisprudence concerning the degree of clarity with which Congress must speak in order to override Eleventh Amendment immunity, and we reaffirm it today.

491 U.S. at 279–80, 109 S.Ct. at 2466–67.

■ In the case before this court, plaintiffs seek compensation for expenses incurred in administrative litigation. Plaintiffs entered this litigation in an effort to obtain the type of prospective relief illustrated in *Hutto*. The court therefore finds that, consistent with *Hutto*, *Jenkins* and *Moore*, by seeking administrative-level attorneys' fees pursuant to the EHA, the plaintiffs' in this case are seeking prospective relief. Such relief may be awarded without abrogation of the Eleventh Amendment. The Defendants' Motion to Dismiss or in the Alternative for Summary Judgment is denied.

■ Also before this court for decision is Plaintiffs Motion for Sanctions pursuant to Fed.R.Civ.P. 11 against the District of Columbia for failing to cite relevant, controlling authority in its Motion to Dismiss or in the Alternative for Summary Judgment. The defendants failed to cite and distinguish the following controlling cases; *Moore v. District of Columbia*, 907 F.2d 165 (D.C.Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 556, 112 L.Ed.2d 563 (1990); *Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978); and *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989). The issue here is whether the defendant's failure to cite and distinguish these cases is sanctionable under Rule 11.

**2.** Examples of retroactive relief are damages and restitution. Unlike an award of attorneys' fees, retroactive relief compensates for the injury that first brought the party into court. *Id.* at 695, n. 24, 98 S.Ct. at 2576, n. 24.

In *Lancellotti v. Fay,* 909 F.2d 15, 19 (1st Cir.1990), the court held that "while bad faith remains sanctionable, it is now not a *sine qua non* to a Rule 11 impost." Rule 11 may be violated either by filing a pleading for an improper purpose or if, "after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." 909 F.2d at 19. "A pure heart no longer excuses an empty head." *Id.* Therefore, if failure to cite and distinguish these controlling cases rises to the level of a Rule 11 violation, it is no excuse that the defendant lacked bad faith.

■■■ *United States v. Stringfellow,* 911 F.2d 225, 226 (9th Cir.1990), held that failure to cite relevant authority does not alone justify sanctions. If the omitted law, however, would render the asserted argument frivolous, sanctions should be issued. *Id.* at 226, citing *Golden Eagle Distrib. Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1542 (9th Cir.1986). A court may find an argument to be frivolous if a competent attorney would view the argument as unreasonable. 911 F.2d at 226. Rule 11 determinations are reviewed for abuse of discretion. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990).

In this case, despite the fact that *Moore v. District of Columbia* was controlling authority, the defendant cited *Moore* in a footnote merely stating that it did not wish to relitigate the issues in that case. Defendants did not attempt to distinguish *Moore.* Defendants relied solely on *Dellmuth v. Muth,* 491 U.S. 223, 109 S.Ct. 2397, 105 L.Ed.2d 181 (1989), with no explanation as to why *Dellmuth,* and not *Moore,* was determinative. Furthermore, defendants failed to cite the Supreme Court cases of *Hutto* and *Jenkins.* These cases, which clearly contradict defendants' argument, state that attorneys' fees awarded as part of prospective relief are not subject to the Eleventh Amendment protections. *See* 491 U.S. at 279–80, 109 S.Ct. at 2466–67. These cases were determinative of defen-

dant's argument. Therefore, it was defendant's responsibility to cite and, if possible, distinguish these cases. Defendant's failure to do so is unreasonable.

Furthermore, the D.C. Rules of Professional Conduct mandate that a:

lawyer shall not knowingly: ... fail to disclose to the tribunal authority in the controlling jurisdiction not disclosed by opposing counsel and known to the lawyer to be dispositive of a question at issue and directly adverse to the position of the client.

Rule 3.3(a)(3). This rule mandates the disclosure of controlling authority "not disclosed by opposing counsel." In this case, opposing counsel did disclose to the court the controlling authority. The rule illustrates, however, that failure to disclose controlling, adverse authority is unreasonable.

Therefore, because the cases which defendant failed to cite were determinative of defendant's argument, and because Rule 3.3(a)(3) mandates a party to cite adverse, controlling authority, defendant's failure to cite the cases was unreasonable and thus sanctionable under Rule 11.

An appropriate Order accompanies this Memorandum.

### ORDER

Upon full consideration of Defendant's Motion to Dismiss or in the Alternative for Summary Judgment, Plaintiffs' Opposition and Supplemental Opposition, Defendant's Reply, and the Memoranda filed in Support thereof, and for the reasons stated in the Memorandum filed herewith, it is by the Court this 14 day of January, 1992,

ORDERED, that Defendant's Motion to Dismiss or in the Alternative for Summary Judgment is hereby DENIED; and it is

FURTHER ORDERED, that Plaintiffs' Motion for Sanctions against Defendant pursuant to Federal Rule of Civil Procedure 11 is hereby GRANTED; and it is

FURTHER ORDERED, that counsel for Plaintiffs shall file on or before February 15, 1992 a verified application setting forth the amount of attorneys' fees incurred and a detailed statement of costs and expenses incurred in responding to Defendant's Mo-

tion to Dismiss or in the Alternative for Summary Judgment; and it is

FURTHER ORDERED, that Defendants file any response to Plaintiffs' application within ten (10) days thereafter; and it is

FURTHER ORDERED, that counsel for Plaintiffs file any reply within five (5) days thereafter.